**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: COVID-19 Business Interruption Insurance Coverage Litigation | MDL No. _____ |

**PLAINTIFFS' MOTION FOR TRANSFER AND
COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. §1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs LH Dining L.L.C., doing business as River Twice Restaurant ("River Twice"), and Newchops Restaurant Comcast LLC, doing business as Chops ("Chops") (collectively, "Movants"),[1] respectfully move that the Judicial Panel on Multidistrict Litigation ("Panel") transfer the actions listed in the attached Schedule of Actions, and subsequent tag-along actions, to the Honorable Timothy J. Savage, United States District Court Judge for the Eastern District of Pennsylvania, who currently presides over both the River Twice and Chops actions, for pre-trial coordination or consolidation.

Transfer and consolidation or coordination is appropriate for the following reasons:

1. In response to the threat to public safety posed by the COVID-19 pandemic, governmental authorities at the national level, the state level, the county level and the local level have issued various orders that, in one form or another, closed non-essential businesses and/or mandated that individuals must "stay at-home" ("Governmental Orders").[2]

---

[1] Movants actions are currently pending in the Eastern District of Pennsylvania. *See LH Dining L.L.C., doing business as River Twice Restaurant v. Admiral Indemnity Company*, Civil Action No. 2:20-cv-01869 (E.D.Pa.) (TJS), *filed* April 10, 2020; *Newchops Restaurant Comcast LLC, doing business as Chops v. Admiral Insurance Company*, Civil Action No. 2:20-cv-01949 (E.D.Pa.), filed April 17, 2020.

[2] The impact of these Governmental Orders will be felt for some time as the process of easing restrictions will be gradual. On April 16, 2020, President Trump announced guidelines for ending lockdowns and stay-at-home orders due to the coronavirus pandemic although the decision as to when these restrictions will be lifted are left to the individual Governors and states. Ultimately, the guidance provides for a three-phase

1

2.     Movants River Twice and Chops own restaurants that were forced to close their doors as a result of the Government Orders and have sustained substantial losses. Movants brought their actions seeking to ensure that they could receive coverage for the losses incurred as a result of these Governmental Orders through their insurance policies that covered losses as a result of business interruption.

3.     To date, 9 additional actions seeking similar relief in federal court have been filed (the "Related Actions").[3] In total, there are 11 actions (the River Twice and Chops action along with 9 Related Actions) pending in 9 different districts – Eastern District of Pennsylvania (2), Northern District of Illinois (2), Southern District of Florida (1), Southern District of New York (1), Eastern District of Wisconsin (1), Northern District of Ohio (1), Central District of California (1), District of Oregon (1), and Northern District of Texas (1). In light of the devastating financial

---

approach to easing restrictions. *See* Seren Morris, *Trump's 3 Phase Plan to Reopen America's Economy Explained*, April 17, 2020, https://www.newsweek.com/donald-trump-opening-america-again-lockdown-coronavirus-guidelines-1498518, last accessed April 17, 2020.

[3] As of April 20, 2020, Movants were able to identify the following related actions filed in federal court: (1) *Big Onion Tavern Group, LLC, et al. v. Society Ins., Inc.*, Civil Action No. 1:20-cv-02005 (N.D. Ill.) (EEC), *filed* March 27, 2020; (2) *Billy Goat Tavern I, Inc., et al., and all others similarly situated, v. Society Insurance*, Civil Action No. 1:20-cv-2068 (N.D. Ill.) (HDL), *filed* Mar. 31, 2020 (3) *El Novillo Restaurant d/b/a DJJ Restaurant Corp., et al., on behalf of themselves and all others similarly situated v. Certain Underwriters at Lloyd's London, et al.*, Civil Action No. 1:20-cv-21525 (S.D. Fla.) (UU), *filed* April 9, 2020; (4) *Gio Pizzeria & Bar Hospitality LLC, et al., individually and on behalf of all others similarly situated, v. Certain Underwriters at Lloyd's, London*, Civil Action No. 1:20-cv-03107 (S.D.N.Y.), *filed* April 17, 2020; (5) *Rising Dough Inc., et al., individually and on behalf of all others similarly situated, v. Society Insurance*, Civil Action No. 2:20-cv-00623 (E.D. Wis.), *filed* April 17, 2020; (6) *Bridal Expressions LLC, individually and on behalf of all others similarly situated, v. Owners Insurance Co.*, Civil Action No. 1:20-cv-00833 (N.D. Ohio) (SO), *filed* April 17, 2020; (7) *Caribe Restaurant & Nightclub Inc., individually and on behalf of all others similarly situated, v. Topa Insurance Company*, Civil Action No. 2:20-cv-03570 (C.D. Cal.), *filed* April 17, 2020; (8) *Dakota Ventures LLC d/b/a Kokopelli Grill and Coyote BBQ Pub, individually and on behalf of all others similarly situated, v. Oregon Mutual Insurance Co.*, Civil Action No. 3:20-cv-00630 (D. Or.) (MAH), *filed* April 17, 2020; and (9) *Christie Jo Berkseth-Rojas DDS individually and on behalf of all others similarly situated, v. Aspen American Insurance Co.*, Civil Action No. 3:20-cv-00948 (N.D. Tex.) (SAF), *filed* April 17, 2020. The Complaints (without exhibits) and their related docket sheets are attached hereto as Exhibits "1" through "11."

consequences of the COVID-19 pandemic, there will surely be an avalanche of cases that will follow.

4. Movants seek the transfer and assignment of the Related Actions, which all seek a finding that the Governmental Orders triggered coverage under the plaintiffs' business interruption insurance policies, to the Eastern District of Pennsylvania, as well as any actions subsequently filed involving similar facts or claims.

5. While the Related Actions are geographically dispersed and involve industries across the entire spectrum of the economy, the core issue in each of the Related Actions – whether the Governmental Orders trigger insurance coverage for losses caused by business interruption and whether any exclusions apply – is identical and is one of national importance and great significance to the ultimate survival of many businesses.

6. As explained in more detail in the accompanying brief, this central issue is too important to the survival of the insured businesses and indeed, to the recovery of the economy as a whole, to leave to various courts across the country that could reach divergent and conflicting results. Addressing it in a uniform manner helps to serve one of the main purposes of Section 1407. Utilizing such transfer and consolidation or coordination on an issue of such national significance is prudent.

7. The convenience of the courts, witnesses, parties, and counsel will all be served by transfer of these cases to the Eastern District of Pennsylvania and specifically to the Honorable Timothy J. Savage, United States District Judge, Eastern District of Pennsylvania, for coordinated and consolidated pre-trial proceedings. For the reasons set forth in the accompanying brief, the Eastern District of Pennsylvania and Judge Savage would be excellent choices to shepherd this litigation.

8. In support of this motion, Movants file:

    (a) a Brief describing the background of the litigation and the Movants' factual and legal contentions;

    (b) a numbered Schedule of Actions providing (1) the complete name of each action involved, listing the full name of each party included; (2) the district court and division where each action is pending; (3) the civil action number of each action; and (4) the name of the Judge assigned to each action;

    (c) a copy of all complaints and docket sheets for all actions listed on the Schedule of Actions (Exhibits 1-11);

    (d) a Statement Regarding Oral Argument; and,

    (e) a Proof of Service.

WHEREFORE, Movants respectfully request that the Panel grant their motion and transfer the Related Actions, for coordinated and consolidated pre-trial proceedings, to the Eastern District of Pennsylvania and assign them to the Honorable Timothy J. Savage.

Dated:  April 20, 2020	Respectfully submitted,

/s/ *Richard M. Golomb*
Richard M. Golomb, Esquire
Kenneth J. Grunfeld, Esquire
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 346-7338
Facsimile: (215) 985-4169
Email: rgolomb@GolombHonik.Com
Email: KGrunfeld@GolombHonik.Com

Arnold Levin, Esquire
Frederick Longer, Esquire
Daniel Levin, Esquire
Keith J. Verrier, Esquire

**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
Email: alevin@lfblaw.com
Email: flonger@lfsblaw.com
Email: dlevin@lfsblaw.com
Email: kverrier@lfsblaw.com

*Attorneys for Movants-Plaintiffs LH Dining L.L.C., doing business as River Twice Restaurant and Newchops Restaurant Comcast LLC, doing business as Chops*