# EXHIBIT 8

Query    Reports    Utilities    Help    Log Out

Baughman,Cat04

# U.S. District Court
## Northern District of Ohio (Cleveland)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00833-SO

Bridal Expressions LLC v. Owners Insurance Company      Date Filed: 04/17/2020
Assigned to: Judge Solomon Oliver, Jr      Jury Demand: Plaintiff
Demand: $5,000,000      Nature of Suit: 110 Insurance
Cause: 12:635 Breach of Insurance Contract      Jurisdiction: Diversity

## Plaintiff

**Bridal Expressions LLC**        represented by    **Adam J. Levitt**
*individually and on behalf of all others*                        DiCello Levitt Gutzler
*similarly situated*                                        Sixth Floor
                                                        Ten North Dearborn Street
  Chicago, IL 60602
  312-214-7900
  Email: alevitt@dicellolevitt.com
  *ATTORNEY TO BE NOTICED*

  **Amy E. Keller**
  DiCello Levitt Gutzler
  Sixth Floor
  Ten North Dearborn Street
  Chicago, IL 60602
  312-214-7900
  Email: akeller@dicellolevitt.com
  *ATTORNEY TO BE NOTICED*

  **Kenneth P. Abbarno**
  DiCello Levitt & Gutzler
  7556 Mentor Avenue
  Mentor, OH 44060
  440-953-8888
  Fax: 440-953-9138
  Email: kabbarno@dicellolevitt.com
  *ATTORNEY TO BE NOTICED*

  **Mark M. Abramowitz**
  DiCello Levitt & Gutzler
  7556 Mentor Avenue
  Mentor, OH 44060
  440-953-8888
  Fax: 440-953-9138
  Email: mabramowitz@dicellolevitt.com
  *ATTORNEY TO BE NOTICED*

  **Mark A. DiCello**

DiCello Levitt & Gutzler
7556 Mentor Avenue
Mentor, OH 44060
440-953-8888
Fax: 440-953-9138
Email: madicello@dicellolevitt.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Owners Insurance Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2020 | 1 | Class Action **Complaint** with jury demand against Owners Insurance Company. Filing fee paid $ 400, Receipt number AOHNDC-9927156. Filed by Bridal Expressions LLC. (Attachments: # 1 Exhibit A - Insurance Policy, # 2 Civil Cover Sheet) (DiCello, Mark) (Entered: 04/17/2020) |
| 04/17/2020 | | Judge Solomon Oliver, Jr assigned to case. (L,MI) (Entered: 04/17/2020) |
| 04/17/2020 | | Random Assignment of Magistrate Judge pursuant to Local Rule 3.1. In the event of a referral, case will be assigned to Magistrate Judge William H. Baughman, Jr. (L,MI) (Entered: 04/17/2020) |
| 04/17/2020 | 2 | Magistrate Consent Form issued. Summons not provided, and were not issued. (L,MI) (Entered: 04/17/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/19/2020 23:51:26 | | |
| **PACER Login:** lfsblaw0044 | **Client Code:** COVID-19 Bus Int Ins | |
| **Description:** Docket Report | **Search Criteria:** 1:20-cv-00833-SO | |
| **Billable Pages:** 2 | **Cost:** 0.20 | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| BRIDAL EXPRESSIONS LLC, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| OWNERS INSURANCE COMPANY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Bridal Expressions LLC (d/b/a CLE Bride by Expressions) ("Bridal Expressions"), individually and on behalf of the other members of the below-defined nationwide classes (collectively, the "Class"), brings this class action against Defendant Owners Insurance Company ("Owners"), and in support thereof states the following:

## I.       NATURE OF THE ACTION

1.      Plaintiff Bridal Expressions, located in Mentor, Ohio, has been in business for close to twenty years, providing wedding dresses, tuxedos, and other formalwear to its local community. Its existence is now threatened because of COVID-19.

2.      To protect its business in the event that it suddenly had to suspend operations for reasons outside of its control, Plaintiff purchased insurance coverage from Defendant, including special property coverage, as set forth in Defendant's Businessowner's Special Property Coverage Form (Form BP 00 02 01 87) ("Special Property Coverage Form").

3.      Defendant's Special Property Coverage Form provides "Business Income" coverage, which promises to pay for loss due to the necessary suspension of operations.

4. Defendant's Special Property Coverage Form also provides "Extra Expense" coverage, which promises to pay the expenses incurred to minimize the suspension of business and to continue operations.

5. Unlike many policies that provide Business Income (also referred to as "business interruption") coverage, Defendant's Special Property Coverage Form does not include, and is not subject to, any exclusion for losses caused by viruses or communicable diseases.

6. In fact, the insurance policy that Defendant sold to Plaintiff (which includes many different types of coverage in addition to the Special Property Coverage Form) includes a communicable diseases exclusion that specifically applies *only* to the liability sections of the policy—not the property policy section. In other words, Defendant explicitly wrote the communicable diseases exclusion so that it did *not* apply to the types of claims at issue in this lawsuit:

---

**COMMUNICABLE DISEASES EXCLUSION**
**Businessowners Policy**

It is agreed:

1. The following exclusion is added and applies to:
   a. Business Liability Coverage; and
   b. Medical Expenses Coverage.

2. **EXCLUSION**
   This policy does not apply to "bodily injury", "personal injury" or medical expenses for "bodily injury" arising out of or resulting from the transmission of any communicable disease by any "insured".

All other policy terms and conditions apply.

---

7. Plaintiff was forced to suspend business due to COVID-19 (a.k.a. the "coronavirus" or "SARS-CoV-2") as well as to take necessary steps to prevent further damage and minimize the suspension of business and continue operations.

8. Upon information and belief, Defendant has, on a widescale and uniform basis, refused to pay its insureds under its Business Income and Extra Expense coverages for losses

2

suffered due to COVID-19 and efforts to prevent further property damage or to minimize the suspension of business and continue operations. Indeed, Defendant has denied Plaintiff's claim under its policy.

## II.     JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Defendant and at least one Class member are citizens of different states, and because: (a) the Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

10.     Venue is proper in this District under 28 U.S.C. § 1391, because Plaintiff resides in this district, and because a substantial portion of the acts and conduct giving rise to the claims occurred within the District.

## III.     THE PARTIES

*Plaintiff*

11.     Plaintiff Bridal Expressions (d/b/a CLE Bride by Expressions) is an Ohio LLC, with its principal place of business in Mentor, Ohio. Bridal Expressions owns and operates CLE Bride by Expressions, located in Mentor, Ohio

*Defendant*

12.     Defendant Owners Insurance Company is a corporation domiciled in Ohio, with its principal place of business in Lansing, Michigan. It is authorized to write, sell, and issue insurance policies providing property and business income coverage in Ohio. At all times material hereto, Owners conducted and transacted business through the selling and issuing of insurance policies within Ohio, including, but not limited to, selling and issuing property coverage to Plaintiff Bridal Expressions.

## IV.  FACTUAL BACKGROUND

*A.*    ***The Special Property Coverage Form***

13.    In return for the payment of a premium, Defendant issued Policy No. 44-229-409-01 to Plaintiff for a policy period of October 15, 2019 to October 15, 2020, including a Businessowners Special Property Coverage Form.  Policy No. 44-229-409-01 is attached hereto as Exhibit A.  Plaintiff has performed all of its obligations under Policy No. 44-229-409-01, including the payment of premiums.  The Covered Property, with respect to the Special Property Coverage Form, is CLE Bride by Expressions, located at 8925 Mentor Avenue, Mentor, Ohio 44060.

14.    In many parts of the world, property insurance is sold on a specific peril basis.  Such policies cover a risk of loss only if that risk of loss is specifically listed (e.g., hurricane, earthquake H1N1, etc.).  Most property policies sold in the United States, however, including those sold by Defendant, are all-risk property damage policies.  These types of policies cover all risks of loss except for risks that are expressly and specifically excluded.  In the Special Property Coverage Form provided to Plaintiff, under the heading "Covered Causes of Loss," Defendant agreed to pay for direct physical loss or damage to Covered Property unless specifically excluded or limited in the policy.

15.    In the Special Property Coverage Form, Defendant did not exclude or limit coverage for losses from viruses.

16.    Losses due to COVID-19 are a Covered Cause of Loss under Defendant's policies with the Special Property Coverage Form.

17.    In the Special Property Coverage Form, Defendant agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration" caused by direct physical loss or damage.

18.     The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006. When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance), or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property.  When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses.  Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case."

19.     "Business Income" means net income that would have been earned or incurred, and continuing normal operating expenses incurred, including payroll.

20.     In the Special Property Coverage Form, Defendant also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

21.     "Extra Expense" means expenses to avoid or minimize the suspension of business and to repair or replace property.

**B.      *The Covered Cause of Loss***

22.     The presence of COVID-19 caused "direct physical loss of or damage to" each "Covered Property" under Plaintiff's policy, and the policies of the other Class members, by denying use of and damaging the Covered Property, and causing a necessary suspension of operations during a period of restoration.

23.     As a result of the presence of COVID-19, Plaintiff and the other Class members lost Business Income and incurred Extra Expense.

24.     On or about March 16, 2020, Plaintiff submitted a claim to Defendant for loss to its Covered Property caused by COVID-19.

25.     On or about March 16, 2020, Defendant denied Plaintiff's claim.

26.     Indeed, Defendant has, on a uniform and widescale basis, refused to pay, under its Business Income and Extra Expense coverages, for losses sustained due to the presence of COVID-19.

## V.     CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

28.     Plaintiff seeks to represent nationwide classes defined as:

- All persons and entities that: (a) had Business Income coverage under a property insurance policy issued by Owners; (b) suffered a suspension of business related to COVID-19, at the premises covered by their Owners property insurance policy; (c) made a claim under their property insurance policy issued by Owners; and (d) were denied Business Income coverage by Owners for the suspension of business resulting from the presence or threat of COVID-19 (the "Business Income Breach Class").

- All persons and entities that: (a) had Extra Expense coverage under a property insurance policy issued by Owners; (b) sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their Owners property insurance policy; (c) made a claim under their property insurance policy issued by Owners; and (d) were denied Extra Expense coverage by Owners despite their efforts to minimize the suspension of business caused by COVID-19 (the "Extra Expense Breach Class").

- All persons and entities with Business Income coverage under a property insurance policy issued by Owners that suffered a suspension of business due to COVID-19 at the premises covered

by the Business Income coverage (the "Business Income
Declaratory Judgment Class").

- All persons and entities with Extra Expense coverage under a
property insurance policy issued by Owners that sought to minimize
the suspension of business in connection with COVID-19 at the
premises covered by their Owners property insurance policy (the
"Extra Expense Declaratory Judgment Class").

29.     Excluded from each defined Class is Defendant and any of its members, affiliates,

parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities;

and the Court staff assigned to this case and their immediate family members.  Plaintiff reserves

the right to modify or amend each of the Class definitions, as appropriate, during the course of this

litigation.

30.     This action has been brought and may properly be maintained on behalf of each

Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

31.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of each

defined Class are so numerous that individual joinder of all Class members is impracticable.  While

Plaintiff is informed and believes that there are thousands of members of each Class, the precise

number of Class members is unknown to Plaintiff, but may be ascertained from Defendant's books

and records.  Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet

postings, and/or published notice.

32.     **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2)**

**and 23(b)(3).**  This action involves common questions of law and fact, which predominate over

any questions affecting individual Class members, including, without limitation:

     a.     Defendant issued all-risk policies to the members of the Class in exchange for the

       payment of premiums by Class members;

b.  whether the Class suffered a covered loss based on the common policies issued to
members of the Class;

c.  whether Defendant wrongfully denied all claims based on COVID-19;

d.  whether Defendant's Business Income coverage applies to a suspension of
business caused by COVID-19;

e.  whether Defendant's Extra Expense coverage applies to efforts to minimize a loss
caused by COVID-19;

f.  whether Defendant has breached its contracts of insurance through a blanket
denial of all claims based on business interruption, income loss or closures related
to COVID-19 and the related closures; and

g.  whether Plaintiff and the Class are entitled to an award of reasonable attorney
fees, interest and costs.

33.     **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are
typical of the other Class members' claims because Plaintiff and the other Class members are all
similarly affected by Defendant's refusal to pay under its Business Income and Extra Expense
coverages.  Plaintiff's claims are based upon the same legal theories as those of the other Class
members.  Plaintiff and the other Class members sustained damages as a direct and proximate
result of the same wrongful practices in which Defendant engaged.

34.     **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).**
Plaintiff is an adequate Class representative because its interests do not conflict with the interests
of the other Class members who they seek to represent, Plaintiff has retained counsel competent
and experienced in complex class action litigation, including successfully litigating class action
cases similar to this one, where insurers breached contracts with insureds by failing to pay the
amounts owed under their policies, and Plaintiff intends to prosecute this action vigorously.  The

interests of the above-defined Classes will be fairly and adequately protected by Plaintiff and its counsel.

35. **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).** Plaintiff seeks class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income and Extra Expense coverages. The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. Moreover, the adjudications sought by Plaintiff could, as a practical matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

36. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

37. **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.  CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT -- BUSINESS INCOME COVERAGE
**(Claim Brought on Behalf of the Business Income Breach Class)**

38.     Plaintiff Bridal Expressions ("Plaintiff" for the purpose of this claim) repeats and realleges Paragraphs 1-37 as if fully set forth herein.

39.     Plaintiff brings this Count individually and on behalf of the other members of the Business Income Breach Class.

40.     Plaintiff's Owners policy, as well as those of the other Business Income Breach Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff's and the other Business Income Breach Class members' losses for claims covered by the policy.

41.     In the Special Property Coverage Form, Defendant agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration," which begins with the date of direct physical loss or damage.

42.     "Business Income" means net income that would have been earned or incurred, and continuing normal operating expenses incurred, including payroll.

43.     COVID-19 caused direct physical loss and damage to Plaintiff's and the other Business Income Breach Class members' Covered Properties, requiring suspension of operations at the Covered Properties.  Losses caused by COVID-19 thus triggered the Business Income provision of Plaintiff's and the other Business Income Breach Class members' Owners insurance policies.

44.     Plaintiff and the other Business Income Breach Class members have complied with all applicable provisions of their policies, those provisions have been waived by Defendant or

Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

45.     By denying coverage for any Business Income losses incurred by Plaintiff and the other Business Income Breach Class members in connection with the COVID-19 pandemic, Defendant has breached its coverage obligations under the Policies.

46.     As a result of Defendant's breaches of the policies, Plaintiff and the other Business Income Breach Class members have sustained substantial damages for which Defendant is liable, in an amount to be established at trial.

## COUNT II
## BREACH OF CONTRACT – EXTRA EXPENSE COVERAGE
### (Claim Brought on Behalf of the Extra Expense Breach Class)

47.     Plaintiff Bridal Expressions ("Plaintiff" for the purpose of this claim) repeats and realleges Paragraphs 1-37 as if fully set forth herein.

48.     Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Breach Class.

49.     Plaintiff's Owners policy, as well as those of the other Extra Expense Breach Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff's and the other Extra Expense Breach Class members' losses for claims covered by the policy.

50.     In the Special Property Coverage Form, Defendant agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Properties.

51.     "Extra Expense" means expenses to avoid or minimize the suspension of business and to repair or replace property.

11

52.     Due to the presence of COVID-19, Plaintiff and the other members of the Extra Expense Breach Class incurred Extra Expense at their Covered Properties.

53.     Plaintiff and the other members of the Extra Expense Breach Class have complied with all applicable provisions of the Policies, those provisions have been waived by Defendant, or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

54.     By denying coverage for any business losses incurred by Plaintiff and the other members of the Extra Expense Breach Class in connection with the COVID-19 pandemic, Defendant has breached its coverage obligations under the Policies.

55.     As a result of Defendant's breaches of the policies, Plaintiff and the other members of the Extra Expense Breach Class have sustained substantial damages for which Defendant is liable, in an amount to be established at trial.

**COUNT III**
**DECLARATORY JUDGMENT – BUSINESS INCOME COVERAGE**
**(Claim Brought on Behalf of the Business Income Declaratory Judgment Class)**

56.     Plaintiff Bridal Expressions ("Plaintiff" for the purpose of this claim) repeats and realleges Paragraphs 1-37 as if fully set forth herein.

57.     Plaintiff brings this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

58.     Plaintiff's Owners policy, as well as those of the other Business Income Declaratory Judgment Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff's and the other Business Income Declaratory Judgment Class members' losses for claims covered by the policy.

59.     Plaintiff and the other Business Income Declaratory Judgment Class members have complied with all applicable provisions of the policies, those provisions have been waived by

Defendant, or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and the other Business Income Declaratory Judgment Class members are entitled.

60. Defendant has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Business Income Declaratory Judgment Class have filed a claim.

61. An actual case or controversy exists regarding Plaintiff's and the other Business Income Declaratory Judgment Class members' rights and Defendant's obligations under the policies to reimburse Plaintiff for the full amount of Business Income losses incurred by Plaintiff and the other Business Income Declaratory Judgment Class members in connection with the suspension of their businesses due to the presence of COVID-19.

62. Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Business Income Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i. Plaintiff's and the other Business Income Declaratory Judgment Class members' Business Income losses incurred in connection with necessary interruption of their businesses due to the presence of COVID-19 are insured losses under their policies; and

    ii. Defendant is obligated to pay Plaintiff and the other Business Income Declaratory Judgment Class members for the full amount of the Business Income losses incurred and to be incurred in connection with the period of restoration and the necessary interruption of their businesses stemming from the presence of COVID-19.

## COUNT IV
## DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE
**(Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)**

63. Plaintiff Bridal Expressions ("Plaintiff" for the purpose of this claim) repeats and realleges Paragraphs 1-37 as if fully set forth herein.

64. Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Declaratory Judgment Class.

65. Plaintiff's Owners insurance policy, as well as those of the other Extra Expense Declaratory Judgment Class members, are contracts under which Defendant was paid premiums in exchange for its promise to pay Plaintiff's and the other Extra Expense Declaratory Judgment Class members' losses for claims covered by the policy.

66. Plaintiff and the other Extra Expense Declaratory Judgment Class members have complied with all applicable provisions of the policies, those provisions have been waived by Defendant, or Defendant is estopped from asserting them, and yet Defendant has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and the other Extra Expense Declaratory Judgment Class are entitled.

67. Defendant has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Extra Expense Declaratory Judgment Class have filed a claim.

68. An actual case or controversy exists regarding Plaintiff's and the other Extra Expense Declaratory Judgment Class members' rights and Defendant's obligations under the policies to reimburse Plaintiff and the other Extra Expense Declaratory Judgment Class members

for the full amount of Extra Expense losses incurred by Plaintiff and the other Extra Expense Declaratory Judgment Class members due to the presence of COVID-19.

69.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Extra Expense Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i.    Plaintiff's and the other Extra Expense Declaratory Judgment Class members' Extra Expense losses incurred in connection with the necessary interruption of their businesses due to the presence of COVID-19 are insured losses under their policies; and

    ii.    Defendant is obligated to pay Plaintiff and the other Extra Expense Declaratory Judgment Class members for the full amount of the Extra Expense losses incurred and to be incurred in connection with the covered losses related to the necessary interruption of their businesses due to the presence of COVID-19.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

a.    Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

b.    Entering judgment on Counts I and II in favor of Plaintiff and the members of the Business Income Breach Class and the Extra Expense Breach Class; and awarding damages for breach of contract in an amount to be determined at trial;

c.    Entering declaratory judgments on Counts III and IV in favor of Plaintiff and the members of the Business Income Declaratory Judgment Class and the Extra Expense Declaratory Judgment Class as follows:

    i.    Business Income and Extra Expense losses incurred in connection with the necessary interruption of businesses due to the presence of COVID-19 are insured losses under their Policies; and

15

          ii.      Defendant is obligated to pay for the full amount of the Business Income and Extra Expense losses incurred and to be incurred in connection with the necessary interruption of businesses due to the presence of COVID-19;

d.      Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

e.      Ordering Defendant to pay attorneys' fees and costs of suit; and

f.      Ordering such other and further relief as may be just and proper.

## VIII.   JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated:  April 17, 2020

Respectfully submitted,

*/s/ Mark A. DiCello*
Mark A. DiCello (0063924)
Kenneth P. Abbarno (0059791)
Mark Abramowitz (0088145)
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio  44060
Telephone:  440-953-8888
madicello@dicellolevitt.com
kabbarno@dicellolevitt.com
mabramowitz@dicellolevitt.com

Adam J. Levitt (IL 6216433)
Amy E. Keller (IL 6296902)
Daniel R. Ferri*
Mark Hamill*
Laura E. Reasons*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
dferri@dicellolevitt.com
mhamill@dicellolevitt.com
lreasons@dicellolevitt.com

Mark Lanier*
Alex Brown*
Skip McBride*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas  77064
Telephone:  713-659-5200
WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
skip.mcbride@lanierlawfirm.com

Timothy W. Burns*
Jeff J. Bowen*
Jesse J. Bair*
Freya K. Bowen*
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin  53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

Douglas Daniels*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

*Counsel for Plaintiff
and the Proposed Classes*

* Applications for admission *pro hac vice* to be filed