# EXHIBIT 10

# U.S. District Court
## District of Oregon (Portland (3))
## CIVIL DOCKET FOR CASE #: 3:20-cv-00630-HZ

| | |
|---|---|
| Dakota Ventures, LLC et al v. Oregon Mutual Insurance Co. | Date Filed: 04/17/2020 |
| Assigned to: Judge Marco A. Hernandez | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Breach of Contract | Nature of Suit: 110 Insurance |
| | Jurisdiction: Diversity |

**Plaintiff**

**Dakota Ventures, LLC**        represented by    **Adam J. Levitt**
DiCello Levitt & Casey LLC
Ten North Dearborn Street
Eleventh Floor
Chicago, IL 60602
312-214-7900
Fax: 440-953-9138
Email: alevitt@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy E. Keller**
DiCello Levitt Gutzler LLC
Ten North Dearborn Street
Ste Sixth Floor
Chicago, IL 60602
312-214-7900
Email: akeller@dicellolevitt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer S. Wagner**
Stoll Stoll Berne Lokting & Shlachter
209 SW Oak Street
Suite 500
Portland, OR 97204
503-227-1600
Fax: 503-227-6840
Email: jwagner@stollberne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark M. Abramowitz**
DiCello Levitt and Casey, LLC
7556 Mentor Ave
Mentor, OH 44060
440-953-8888
Fax: 440-953-9138
Email: mabramowitz@dlcfirm.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steve D. Larson**
Stoll Stoll Berne Lokting & Shlachter P.C.
209 SW Oak Street
Suite 500
Portland, OR 97204
503-227-1600
Fax: 503-227-6840
Email: slarson@stollberne.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kokopelli Grill**                          represented by   **Adam J. Levitt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy E. Keller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer S. Wagner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark M. Abramowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steve D. Larson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Coyote BBQ Pub**                          represented by   **Adam J. Levitt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy E. Keller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer S. Wagner**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Mark M. Abramowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steve D. Larson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**Oregon Mutual Insurance Co.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2020 | 1 | Complaint. Filing fee in the amount of $400 collected. Agency Tracking ID: AORDC-6558245 Jury Trial Requested: Yes. Filed by Dakota Ventures, LLC, Kokopelli Grill, Coyote BBQ Pub against All Defendants (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Proposed Summons). (Larson, Steve) (Entered: 04/17/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/19/2020 20:53:55 | | | |
| **PACER Login:** | lfsblaw0044 | **Client Code:** | COVID-19 Bus Int Ins |
| **Description:** | Docket Report | **Search Criteria:** | 3:20-cv-00630-HZ Start date: 1/1/1971 End date: 4/20/2020 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Jennifer S. Wagner,** OSB No. 024470
Email: jwagner@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204

**Adam J. Levitt** (pro hac vice forthcoming)
alevitt@dicellolevitt.com
**Amy E. Keller** (pro hac vice forthcoming)
akeller@dicellolevitt.com
**Daniel R. Ferri** (pro hac vice forthcoming)
dferri@dicellolevitt.com
**Mark Hamill** (pro hac vice forthcoming)
mhamill@dicellolevitt.com
**Laura E. Reasons** (pro hac vice forthcoming)
lreasons@dicellolevitt.com
DICELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900

*Attorneys for Plaintiffs and the Proposed Classes*

[Additional counsel listed in signature block.]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAKOTA VENTURES, LLC d/b/a KOKOPELLI GRILL and COYOTE BBQ PUB, individually and on behalf of all others similarly situated , | Case No. |
| Plaintiff(s), | CLASS ACTION ALLEGATION COMPLAINT |
| v. | |
| OREGON MUTUAL INSURANCE CO., | DEMAND FOR JURY TRIAL |
| Defendant(s). | |

Page 1 – **CLASS ACTION ALLEGATION COMPLAINT**

Plaintiff Dakota Ventures, LLC d/b/a Kokopelli Grill and Coyote BBQ Pub ("Plaintiff" or "Dakota Ventures"), individually and on behalf of the other members of the below-defined nationwide classes (collectively, the "Class"), brings this class action against Defendant Oregon Mutual Insurance Company ("Oregon Mutual"), and in support thereof states the following:

## I.   NATURE OF THE ACTION

1.      Plaintiff operates Kokopelli Grill, a waterfront restaurant and lounge on Puget Sound in Port Angeles, Washington.   Kokopelli Grill opened in December 2009.   Until the business interruption detailed herein, Kokopelli Grill served hand-crafted Southwest cuisine, using fresh and local seafood, steaks, and produce, in a family friendly atmosphere. Kokopelli Grill was particularly known for Chef Michael McQuay's famous prickly pear salad dressing and its award-winning smoked salmon chowder. Over the years, Kokopelli Grill has consistently earned positive reviews in the media, as well as on social media sites such as Yelp, Facebook, and Google.

2.      Plaintiff also operates Coyote BBQ Pub, adjacent to Kokopelli Grill, which opened in October 2015.   Coyote BBQ Pub serves real Texas BBQ in a relaxing Steampunk pub environment, and also enjoys positive reviews on Google and other review sites.

3.      To protect its business in the event that it suddenly had to suspend operations for reasons outside of its control, or in order to prevent further property damage, Plaintiff purchased insurance coverage from Oregon Mutual, including Specialty Property Coverage through a Businessowner's Protector Policy, as set forth in Oregon Mutual's Businessowner's Coverage Form (Form BP 00030302) ("Businessowner's Coverage Form").

Page 2 – **CLASS ACTION ALLEGATION COMPLAINT**

4.      Oregon Mutual's Businessowner's Coverage Form provides "Business Income" coverage, which promises to pay for loss due to the necessary suspension of operations following damage to property.

5.      Oregon Mutual's Businessowner's Coverage Form also provides "Civil Authority" coverage, which promises to pay for actual loss of Business Income and necessary Extra Expense caused by the action of a civil authority that prohibits access to the described premises.

6.      Oregon Mutual's Businessowner's Coverage Form also provides "Ingress and Egress" coverage for loss of Business Income sustained and necessary Extra Expense caused when ingress or egress to the described premises is physically prevented due to direct loss or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss.

7.      Oregon Mutual's Businessowner's Coverage Form also provides "Extra Expense" coverage, which promises to pay the expense incurred to minimize the suspension of business and to continue operations.

8.      Oregon Mutual's Businessowner's Coverage Form, under a section entitled "Duties in the Event of Loss or Damage" mandates that Oregon Mutual's insured "must see that the following are done in the event of loss or damage to Covered Property," including, (i) "Give us prompt notice of the loss or damage," (ii)  "Include a description of the property involved," (iii) "As soon as possible, give us a description of how, when and where the loss or damage occurred," and (iv) "Take all reasonable step to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim."

Page 3 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

9.      Unlike many policies that provide Business Income (also referred to as "business interruption") coverage, Oregon Mutual's Businessowner's Coverage Form does not include, and is not subject to, any exclusion for losses caused by viruses or communicable diseases.

10.     Kokopelli Grill was forced to suspend or reduce business at its restaurant and lounge due to COVID-19 (a.k.a. the "coronavirus" or "SARS-CoV-2") and the resultant Executive Orders issued by the Governor of Washington mandating the closure of businesses like Kokopelli Grill for on-site services, as well as in order to take necessary steps to prevent further damage and minimize the suspension of business and continue operations.  Coyote BBQ Pub was forced to suspend or reduce business for the same reasons.

11.     Upon information and belief, Oregon Mutual has, on a widescale and uniform basis, refused to pay its insureds under its Business Income, Civil Authority, Ingress and Egress, Extra Expense, and Sue and Labor coverages for losses suffered due to COVID-19, any executive orders by civil authorities that have required the necessary suspension of business, and any efforts to prevent further property damage or to minimize the suspension of business and continue operations.  Indeed, Oregon Mutual has advised Plaintiff that it cannot submit a claim under its Oregon Mutual insurance policy because there has been no covered loss under the terms of the policy.

## II.      JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because Plaintiff and Defendant are citizens of different states, and because (a) the Class consists of at least 100 members, (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and (c) no relevant exceptions apply to this claim.

Page 4 – **CLASS ACTION ALLEGATION COMPLAINT**

13.    Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this district and a substantial portion of the acts and conduct giving rise to the claims occurred within the District.

### III.    PARTIES

14.    Plaintiff Dakota Ventures, LLC d/b/a Kokopelli Grill and Coyote BBQ Pub is a Washington limited liability company with its principal places of business in Port Angeles, Washington. Plaintiff owns and operates Kokopelli Grill and Coyote BBQ Pub in Port Angeles, Washington.

15.    Defendant Oregon Mutual Insurance Co. is a mutual insurance company organized under the laws of the State of Oregon, with its principal place of business in McMinnville, Oregon. It is authorized to write, sell, and issue insurance policies providing property and business income coverage in Oregon, Washington, California, Idaho, and Nevada.  Oregon Mutual may be served with process through its registered agent, Mr. Steven L. Patterson, 400 NE Baker Street, McMinnville, OR 97128. At all times material hereto, Oregon Mutual conducted and transacted business through the selling and issuing of insurance policies within Oregon, Washington, California, Idaho, and Nevada, including, but not limited to, selling and issuing property and business coverage to Dakota Ventures.

### IV.    FACTUAL BACKGROUND

**A.    *The Businessowner's Coverage Form Protecting Dakota Ventures***

16.    In return for the payment of a premium, Oregon Mutual issued Policy No. BSP354948 to Dakota Ventures for a policy period of January 3, 2020 to January 3, 2021, including a Businessowner's Coverage Form.  Policy No. BSP354948 is attached hereto as Exhibit A.  Dakota Ventures has performed all of its obligations under Policy No. BSP354948, including

Page 5 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

the payment of premiums.  The Covered Property, with respect to the Businessowner's Coverage Form, is Kokopelli Grill  at 203 E. Front Street, Port Angeles, Washington and Coyote BBQ Pub at 201 E. Front Street, Port Angeles, Washington.

17.     In many parts of the world, property insurance is sold on a specific peril basis.  Such policies cover a risk of loss if that risk of loss is specifically listed (e.g., hurricane, earthquake, H1N1, etc.). Most property policies sold in the United States, however, including those sold by Oregon Mutual, are all-risk property damage policies.  These types of policies cover all risks of loss except for risks that are expressly and specifically excluded.  In the Businessowner's Coverage Form provided to Plaintiff, under the heading "Covered Causes of Loss," Oregon Mutual agreed to cover and pay for all "direct physical loss" "unless the loss is [e]xcluded or . . . [l]imited by" the Businessowner's Coverage Form.

18.     In the Businessowner's Coverage Form, Oregon Mutual did not exclude or limit coverage for losses from viruses and/or pandemics.

19.     Losses due to COVID-19 are a Covered Cause of Loss under the Oregon Mutual policies with the Businessowner's Coverage Form.

20.     In the Businessowner's Coverage Form, Oregon Mutual agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary "suspension of [their] 'operations'" during the "period of restoration" caused by direct physical loss or damage. A "partial slowdown or complete cessation" of business activities at the Covered Property is a "suspension" under the policy, for which Oregon Mutual agreed to pay for loss of Business Income during the "period of restoration" "that occurs within 24 consecutive months after the date of direct physical loss or damage."

Page 6 – **CLASS ACTION ALLEGATION COMPLAINT**

21.    "Business Income" under the policy means the "Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred."

22.    The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006.   When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance), or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property.   When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses.   Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

23.    Oregon Mutual's Businessowner's Coverage Form also provides "Civil Authority" coverage, which promises to pay "the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss."

24.    In the Businessowner's Coverage Form, Oregon Mutual also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the described premises. "Extra Expense" means expenses "to avoid or minimize the suspension of business and to continue 'operations,'" and to repair or replace property.

Page 7 – **CLASS ACTION ALLEGATION COMPLAINT**

25.     Oregon Mutual's Businessowner's Coverage Form also provides "Ingress and Egress" coverage for loss of Business Income sustained and necessary Extra Expense caused when ingress or egress to the described premises is physically prevented due to direct loss or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss.

26.     Oregon Mutual's Businessowner's Coverage Form, under a section entitled "Duties in the Event of Loss or Damage" mandates that Oregon Mutual's insured "must see that the following are done in the event of loss or damage to Covered Property," including, (i) "Give us prompt notice of the loss or damage," (ii)  "Include a description of the property involved," (iii) "As soon as possible, give us a description of how, when and where the loss or damage occurred," and (iv) "Take all reasonable step to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." This type of coverage has historically been known as "sue and labor" coverage or a "sue and labor" provision, and property policies have long provided coverage for these types of expenses.

27.     Losses caused by COVID-19 and the related orders issued by local, state, and federal authorities triggered the Business Income, Extra Expense, Civil Authority, Ingress and Egress, and Sue and Labor provisions of the Oregon Mutual policy.

**B.     *The Covered Cause of Loss***

28.     The presence of COVID-19 has caused civil authorities throughout the country to issue orders requiring the suspension of business at a wide range of establishments, including civil authorities with jurisdiction over Plaintiff's business (the "Closure Orders").

Page 8 – **CLASS ACTION ALLEGATION COMPLAINT**

1.      **The Washington Closure Orders**

29.      On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, proclaiming a State of Emergency for all counties throughout the state of Washington as a result of the coronavirus disease 2019 (COVID-19) outbreak in the United States and confirmed person-to-person spread of COVID-19 in Washington State.

30.      On March 16, 2020, Governor Inslee issued Proclamation 20-13, prohibiting "any number of people from gathering in any public venue in which people congregate for purposes of public entertainment, recreation, food and beverage service, theater, bowling, fitness and other similar activities, to include all public venues in which the serving, provision, or consumption of prepared food or beverages occurs at a table, bar, or for consumption within."

31.      The purpose of Proclamation 20-13 was to slow the spread of the COVID-19 pandemic in public accommodations. This Proclamation expressly prohibited "the onsite consumption of food and/or beverages in a public venue, including but not limited to," "restaurants," "bars," "taverns," and "all other similar venues in which people congregate for the consumption of food or beverages." Violators of Proclamation 20-13 "may be subject to criminal penalties pursuant to RCW 43.06.220(5)." Pursuant to Proclamation 20-13, all restaurants, bars, and similar venues were prohibited from opening to the public for on-site consumption and were to remain closed from March 17, 2020 through March 31, 2020.

32.      On March 23, 2020, Governor Inslee issued Proclamation 20-25, known as the "Stay Home – Stay Healthy Order," which, through April 6, 2020, (i) prohibited all people in Washington State from leaving their homes or participating in social, spiritual and recreational gatherings of any kind regardless of the number of participants, and all non-essential businesses in Washington State from conducting business and (ii) expressly amended and superseded

Page 9 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Proclamation 20-13 by extending the mandatory closure of restaurants, bars, and places of public accommodation to the public and on-site consumption. Proclamation 20-25's Stay Home – Stay Healthy Order ordered that "[a]ll people in Washington State shall immediately cease participating in all public and private gatherings and multi-person activities for social, spiritual and recreational purposes, regardless of the number of people involved." Violators of Proclamation 20-25 "may be subject to criminal penalties pursuant to RCW 43.06.220(5)."

33.    On April 2, 2020, "to help preserve and maintain life, health, property or the public peace," Governor Inslee issued Proclamation 20-25.1, in which he ordered that "Proclamation 20-25 (Stay Home – Stay Healthy) is amended to extend all of its provisions and each expiration date therein to 11:59 PM on May 4, 2020. All other provisions of Proclamation 20-25 shall remain in full force and effect." Violators of Proclamation 20-25.1 "may be subject to criminal penalties pursuant to RCW 43.06.220(5)."

2.    **The Impact of COVID-19 and the Closure Orders**

34.    The presence of COVID-19 caused "direct physical loss of or damage to" each "Covered Property" under the Plaintiff's and Class Members' policies, by denying use of and damaging the Covered Property, and by causing a necessary suspension of operations during a period of restoration.

35.    The Closure Orders, including the issuance of Washington Proclamation Nos. 20-13, 20-25, and 20-25.1, prohibited access to Plaintiff's and the other Class Members' Covered Property, and the area immediately surrounding Covered Property, in response to dangerous physical conditions resulting from a Covered Cause of Loss.

36.    As a result of the presence of COVID-19 and the Closure Orders, Plaintiff and the other Class members lost Business Income and incurred Extra Expense.

Page 10 – **CLASS ACTION ALLEGATION COMPLAINT**

37.     On or about March 16, 2020, Dakota Ventures attempted to submit a claim to Oregon Mutual under Plaintiff's policy.

38.     Also on or about March 16, 2020, Oregon Mutual advised Plaintiff that it cannot submit a claim under its Oregon Mutual insurance policy because there has been no covered loss under the terms of the policy.

39.     Indeed, Oregon Mutual has, on a widescale basis with many if not all of its insureds, refused to provide Business Income, Extra Expense, Civil Authority, Ingress and Egress, or Sue and Labor coverage due to COVID-19 and the resultant executive orders by civil authorities that have required the suspension of business.

## V.     CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

41.     Plaintiff seeks to represent nationwide classes defined as:

- All persons and entities that: (a) had Business Income coverage under a property insurance policy issued by Oregon Mutual; (b) suffered a suspension of business related to COVID-19, at the premises covered by their Oregon Mutual property insurance policy; (c) made, or attempted to make, a claim under their property insurance policy issued by Oregon Mutual; and (d) were denied Business Income coverage, or otherwise told no covered loss existed, by Oregon Mutual for the suspension of business resulting from the presence or threat of COVID-19 (the "Business Income Breach Class").

- All persons and entities that: (a) had Civil Authority coverage under a property insurance policy issued by Oregon Mutual; (b) suffered loss of Business Income and/or Extra Expense caused by action of a civil authority; (c) made, or attempted to make, a claim under their property insurance policy issued by Oregon Mutual; and (d) were

Page 11 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

denied Civil Authority coverage, or otherwise told that no covered loss existed, by Oregon Mutual for the loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Breach Class").

- All persons and entities that: (a) had Extra Expense coverage under a property insurance policy issued by Oregon Mutual; (b) sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their Oregon Mutual property insurance policy; (c) made, or attempted to make, a claim under their property insurance policy issued by Oregon Mutual; and (d) were denied Extra Expense coverage, or otherwise told that no covered loss existed, by Oregon Mutual despite their efforts to minimize the suspension of business caused by COVID-19 (the "Extra Expense Breach Class").

- All persons and entities that: (a) had Ingress and Egress coverage under a property insurance policy issued by Oregon Mutual; (b) suffered  a suspension of business, caused by COVID-19, at the premises covered by their Oregon Mutual property insurance policy; (c) made, or attempted to make, a claim under their property insurance policy issued by Oregon Mutual; and (d) were denied Ingress and Egress coverage, or otherwise told that no covered loss existed, by Oregon Mutual for the suspension of business caused by COVID-19 (the "Ingress and Egress Breach Class").

- All persons and entities that: (a) had a Sue and Labor provision under a property insurance policy issued by Oregon Mutual; (b) sought to prevent property damage caused by COVID-19 by suspending or reducing business operations, at the premises covered by their Oregon Mutual property insurance policy; (c) made, or attempted to make, a claim under their property insurance policy issued by Oregon Mutual; and (d) were denied Sue and Labor coverage, or otherwise told that no covered loss existed, by Oregon Mutual in connection with the suspension of business caused by COVID-19 (the "Sue and Labor Breach Class").

42.   Plaintiff also seeks to represent nationwide classes defined as:

- All persons and entities with Business Income coverage under a property insurance policy and/or Businessowner's Protector Policy issued by Oregon Mutual that suffered a suspension of business due to COVID-19 at the premises covered by the business income coverage (the "Business Income Declaratory Judgment Class").

Page 12 – **CLASS ACTION ALLEGATION COMPLAINT**

- All persons and entities with Civil Authority coverage under a property insurance policy and/or Businessowner's Protector Policy issued by Oregon Mutual that suffered loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Declaratory Judgment Class").

- All persons and entities with Extra Expense coverage under a property insurance policy and/or Businessowner's Protector Policy issued by Oregon Mutual that sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their Oregon Mutual property insurance policy (the "Extra Expense Declaratory Judgment Class").

- All persons and entities with Ingress and Egress coverage under a property insurance policy issued by Oregon Mutual that suffered a suspension of business, caused by COVID-19, at the premises covered by their Oregon Mutual property insurance policy (the "Ingress and Egress Declaratory Judgment Class"

- All persons and entities with a Sue and Labor provision under a property insurance policy and/or Businessowner's Protector Policy issued by Oregon Mutual that sought to prevent property damage caused by COVID-19 by suspending or reducing business operations at the premises covered by their Oregon Mutual property insurance policy (the "Sue and Labor Declaratory Judgment Class").

43.    Excluded from each defined Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members.  Plaintiff reserves the right to modify or amend each of the Class definitions, as appropriate, during the course of this litigation.

44.    This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

45.    **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of each defined Class are so numerous that individual joinder of all Class members is impracticable.  While Plaintiff is informed and believes that there are thousands of members of each Class, the precise

 Page 13 – **CLASS ACTION ALLEGATION COMPLAINT**

number of Class members is unknown to Plaintiff but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

46.      **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

  a.  Oregon Mutual issued all-risk policies to the members of the Class in exchange for payment of premiums by the Class members;

  b.  whether the Class suffered a covered loss based on the common policies issued to members of the Class;

  c.  whether Oregon Mutual wrongfully denied all claims based on COVID-19;

  d.  whether Oregon Mutual's Business Income coverage applies to a suspension of business caused by COVID-19;

  e.  whether Oregon Mutual's Civil Authority coverage applies to a loss of Business Income caused by the orders of state governors requiring the suspension of business as a result of COVID-19;

  f.  whether Oregon Mutual's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19;

  g.  whether Oregon Mutual's Sue and Labor provision applies to require Oregon Mutual to pay for efforts to reduce damage caused by COVID-19;

Page 14 – **CLASS ACTION ALLEGATION COMPLAINT**

h. whether Oregon Mutual has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and the related closures; and

i. whether Plaintiff and the Class are entitled to an award of reasonable attorney fees, interest and costs.

47. **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members are all similarly affected by Defendant's refusal to pay under its Business Income, Civil Authority, Extra Expense, Ingress and Egress, and Sue and Labor coverages. Plaintiff's claims are based upon the same legal theories as those of the other Class members. Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

48. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because its interests do not conflict with the interests of the other Class members who it seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to pay the amounts owed under their policies; and Plaintiff intends to prosecute this action vigorously. The interests of the above-defined Classes will be fairly and adequately protected by Plaintiff and its counsel.

49. **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).** Plaintiff seeks class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income, Civil Authority, Extra Expense, Ingress and Egress, and Sue and Labor coverages. The

Page 15 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

prosecution of separate actions by individual members of the Classes would create an immediate

risk of inconsistent or varying adjudications that would establish incompatible standards of

conduct for the Defendant.  Moreover, the adjudications sought by Plaintiff could, as a practical

matter, substantially impair or impede the ability of other Class members, who are not parties to

this action, to protect their interests.

50.    **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).**

Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other Class

members, thereby making appropriate final injunctive relief and declaratory relief, as described

below, with respect to the Class members.

51.    **Superiority—Federal Rule of Civil Procedure 23(b)(3).**    A class action is

superior to any other available means for the fair and efficient adjudication of this controversy,

and no unusual difficulties are likely to be encountered in the management of this class action.

Individualized litigation creates a potential for inconsistent or contradictory judgments and

increases the delay and expense to all parties and the court system.  By contrast, the class action

device presents far fewer management difficulties, and provides the benefits of single adjudication,

economy of scale, and comprehensive supervision by a single court.

## VI.    CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT -- BUSINESS INCOME COVERAGE
**(Claim Brought on Behalf of the Business Income Breach Class)**

52.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth

in paragraphs 1-51 as if fully set forth herein.

53.    Plaintiff brings this Count individually and on behalf of the other members of the

Business Income Breach Class.

Page 16 – **CLASS ACTION ALLEGATION COMPLAINT**

54.     Plaintiff's Oregon Mutual policy, as well as those of the other Business Income Breach Class members, are contracts under which Oregon Mutual was paid premiums in exchange for its promise to pay Plaintiff's and the other Business Income Breach Class Members' losses for claims covered by the policy.

55.     In the Businessowner's Coverage Form, Oregon Mutual agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of its operations during the "period of restoration."

56.     In the Businessowner's Coverage Form, Oregon Mutual agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary "suspension of [their] operations" during the "period of restoration" caused by direct physical loss or damage. A "partial slowdown or complete cessation" of business activities at the Covered Property is a "suspension" under the policy, for which Oregon Mutual agreed to pay for loss of Business Income during the "period of restoration" "that occurs within 24 consecutive months after the date of direct physical loss or damage."

57.     "Business Income" under the policy means the "Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred."

58.     COVID-19 caused direct physical loss and damage to Plaintiff's and the other Business Income Breach Class Members' Covered Properties, requiring suspension of operations at the Covered Properties. Losses caused by COVID-19 thus triggered the Business Income provision of Plaintiff's and the other Business Income Breach Class Members' Oregon Mutual policies.

Page 17 – **CLASS ACTION ALLEGATION COMPLAINT**

59.    Plaintiff and the other Business Income Breach Class Members have complied with all applicable provisions of their policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

60.    By denying coverage for any Business Income losses incurred by Plaintiff and the other Business Income Breach Class Members in connection with the COVID-19 pandemic, Oregon Mutual has breached its coverage obligations under the Policies.

61.    As a result of Oregon Mutual's breaches of the Policies, Plaintiff and the other Business Income Breach Class Members have sustained substantial damages for which Oregon Mutual is liable, in an amount to be established at trial.

**COUNT II**
**BREACH OF CONTRACT – CIVIL AUTHORITY COVERAGE**
**(Claim Brought on Behalf of the Civil Authority Breach Class)**

62.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1-51 as if fully set forth herein.

63.    Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Breach Class.

64.    Plaintiff's Oregon Mutual policy, as well as those of the other Civil Authority Breach Class Members, are contracts under which Oregon Mutual was paid premiums in exchange for its promise to pay Plaintiff's and the other Civil Authority Breach Class Members' losses for claims covered by the policy.

65.    Oregon Mutual's Businessowner's Coverage Form provides "Civil Authority" coverage, which promises to pay "the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises

Page 18 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600    FAX (503) 227-6840

due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss."

66.    The Closure Orders triggered the Civil Authority provision under Plaintiff's and the other members of the Civil Authority Breach Class's Oregon Mutual policies.

67.    Plaintiff and the other members of the Civil Authority Breach Class have complied with all applicable provisions of the Policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

68.    By denying coverage for any business losses incurred by Plaintiff and other members of the Civil Authority Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Oregon Mutual has breached its coverage obligations under the Policies.

69.    As a result of Oregon Mutual's breaches of the Policies, Plaintiff and the other members of the Civil Authority Breach Class have sustained substantial damages for which Oregon Mutual is liable, in an amount to be established at trial.

## COUNT III
## BREACH OF CONTRACT – EXTRA EXPENSE COVERAGE
### (Claim Brought on Behalf of the Extra Expense Breach Class)

70.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1-51 as if fully set forth herein.

71.    Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Breach Class.

72.    Plaintiff's Oregon Mutual policy, as well as those of the other Extra Expense Breach Class Members, are contracts under which Oregon Mutual was paid premiums in exchange

Page 19 **– CLASS ACTION ALLEGATION COMPLAINT**

for its promise to pay Plaintiff's and the other Extra Expense Breach Class Members' losses for claims covered by the policy.

73.     In the Businessowner's Coverage Form, Oregon Mutual also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the described premises. "Extra Expense" means expenses "to avoid or minimize the suspension of business and to continue 'operations,'" and to repair or replace property.

74.     Due to COVID-19 and the Closure Orders, Plaintiff and the other members of the Extra Expense Breach Class incurred Extra Expense at Covered Property

75.     Plaintiff and the other members of the Extra Expense Breach Class have complied with all applicable provisions of the Policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

76.     By denying coverage for any business losses incurred by Plaintiff and the other members of the Extra Expense Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Oregon Mutual has breached its coverage obligations under the Policies.

77.     As a result of Oregon Mutual's breaches of the Policies, Plaintiff and the other members of the Extra Expense Breach Class have sustained substantial damages for which Oregon Mutual is liable, in an amount to be established at trial.

**COUNT IV**
**BREACH OF CONTRACT – INGRESS AND EGRESS COVERAGE**
**(Claim Brought on Behalf of the Ingress and Egress Breach Class)**

78.     Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1-51 as if fully set forth herein.

Page 20 – **CLASS ACTION ALLEGATION COMPLAINT**

79.     Plaintiff brings this Count individually and on behalf of the other members of the Ingress and Egress Breach Class.

80.     Plaintiff's Oregon Mutual policy, as well as those of the other Ingress and Egress Breach Class Members, are contracts under which Oregon Mutual was paid premiums in exchange for its promise to pay Plaintiff's and the other Ingress and Egress Breach Class Members' losses for claims covered by the policy.

81.     Oregon Mutual's Businessowner's Coverage Form provides "Ingress and Egress" coverage for loss of Business Income sustained and necessary Extra Expense caused when ingress or egress to the described premises is physically prevented due to direct loss or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss.

82.     The Closure Orders resulting from the COVID-19 pandemic physically prevented ingress or egress to Plaintiff's and the Class Members' described premises due to direct loss or damage to property, other than at the described premises, caused by or resulting from a Covered Cause of Loss.

83.     Plaintiff and the other members of the Ingress and Egress Breach Class have complied with all applicable provisions of the Policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

84.     By denying coverage for any business losses incurred by Plaintiff and other members of the Ingress and Egress Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Oregon Mutual has breached its coverage obligations under the Policies.

Page 21 – **CLASS ACTION ALLEGATION COMPLAINT**

85.     As a result of Oregon Mutual's breaches of the Policies, Plaintiff and the other members of the Ingress and Egress Breach Class have sustained substantial damages for which Oregon Mutual is liable, in an amount to be established at trial.

## COUNT V
## BREACH OF CONTRACT – SUE AND LABOR COVERAGE
### (Claim Brought on Behalf of the Sue and Labor Breach Class)

86.     Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1-51 as if fully set forth herein.

87.     Plaintiff bring this Count individually and on behalf of the other members of the Sue and Labor Breach Class.

88.     Plaintiff's Oregon Mutual policies, as well as those of the other Sue and Labor Breach Class Members, are contracts under which Oregon Mutual was paid premiums in exchange for its promise to pay Plaintiff's and the other Sue and Labor Breach Class Members' losses for claims covered by the policy.

89.     In the Businessowner's Coverage Form, Oregon Mutual agreed to give due consideration in settlement of a claim to expenses incurred in taking all reasonable steps to protect Covered Property from further damage.

90.     In complying with the Closure Orders and otherwise suspending or limiting operations, Plaintiff and other members of the Sue and Labor Breach Class incurred expenses in connection with reasonable steps to protect Covered Property.

91.     Plaintiff and the other members of the Sue and Labor Breach Class have complied with all applicable provisions of the Policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

Page 22 – **CLASS ACTION ALLEGATION COMPLAINT**

92.     By denying coverage for any Sue and Labor expenses incurred by Plaintiff and the other members of the Sue and Labor Breach Class in connection with the Closure Orders and the COVID-19 pandemic, Oregon Mutual has breached its coverage obligations under the Policies.

93.     As a result of Oregon Mutual's breaches of the Policies, Plaintiff and the other members of the Sue and Labor Breach Class have sustained substantial damages for which Oregon Mutual is liable, in an amount to be established at trial.

## COUNT VI
## DECLARATORY JUDGMENT – BUSINESS INCOME COVERAGE
### (Claim Brought on Behalf of the Business Income Declaratory Judgment Class)

94.     Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1-51 as if fully set forth herein.

95.     Plaintiff brings this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

96.     Plaintiff's Oregon Mutual policy, as well as those of the other Business Income Declaratory Judgment Class Members, are contracts under which Oregon Mutual was paid premiums in exchange for its promise to pay Plaintiff's and the other Business Income Declaratory Judgment Class members' losses for claims covered by the Policy.

97.     Plaintiff and the other Business Income Declaratory Judgment Class members have complied with all applicable provisions of the Policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and Class Members are entitled.

Page 23 – **CLASS ACTION ALLEGATION COMPLAINT**

98.     Oregon Mutual has denied claims related to COVID-19 on a uniform and class wide

basis, without individual bases or investigations, such that the Court can render declaratory

judgment irrespective of whether members of the Class have filed a claim.

99.     An actual case or controversy exists regarding Plaintiff's and the other Business

Income Declaratory Judgment Class Members' rights and Oregon Mutual's obligations under the

Policies to reimburse Plaintiff and Class Members for the full amount of Business Income losses

incurred by Plaintiff and the other Business Income Declaratory Judgment Class Members in

connection with the suspension of their businesses stemming from the COVID-19 pandemic.

100.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Business Income Declaratory

Judgment Class Members seek a declaratory judgment from this Court declaring the following:

i.   Plaintiff's and the other Business Income Declaratory Judgment Class Members'
     Business Income losses incurred in connection with the Closure Orders and the
     necessary interruption of their businesses stemming from the COVID-19 pandemic
     are insured losses under their Policies; and

ii.  Oregon Mutual is obligated to pay Plaintiff and the other Business Income
     Declaratory Judgment Class Members for the full amount of the Business Income
     losses incurred and to be incurred in connection with the Closure Orders during the
     period of restoration and the necessary interruption of their businesses stemming
     from the COVID-19 pandemic.

### COUNT VII
### <u>DECLARATORY JUDGMENT – CIVIL AUTHORITY COVERAGE</u>
**(Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)**

101.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth

in paragraphs 1-51 as if fully set forth herein.

102.    Plaintiff brings this Count individually and on behalf of the other members of the

Civil Authority Declaratory Judgment Class.

Page 24 – **CLASS ACTION ALLEGATION COMPLAINT**

103.    Plaintiff's Oregon Mutual policy, as well as those of the other Civil Authority Declaratory Judgment Class Members, are contracts under which Oregon Mutual was paid premiums in exchange for its promise to pay Plaintiff's and the other Civil Authority Declaratory Judgment Class members' losses for claims covered by the Policy.

104.    Plaintiff and the other Civil Authority Declaratory Judgment Class members have complied with all applicable provisions of the Policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and Class Members are entitled.

105.    Oregon Mutual has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

106.    An actual case or controversy exists regarding Plaintiff's and the other Civil Authority Declaratory Judgment Class Members' rights and Oregon Mutual's obligations under the Policies to reimburse Plaintiff and the other Civil Authority Declaratory Judgment Class Members for the full amount of covered Civil Authority losses incurred by Plaintiff and the other Civil Authority Declaratory Judgment Class Members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

107.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Civil Authority Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

Page 25 – **CLASS ACTION ALLEGATION COMPLAINT**

i.   Plaintiff's and the other Civil Authority Declaratory Judgment Class Members'
     Civil Authority losses incurred in connection with the Closure Orders and the
     necessary interruption of their businesses stemming from the COVID-19 pandemic
     are insured losses under their Policies; and

ii.  Oregon Mutual is obligated to pay Plaintiff and the other Civil Authority
     Declaratory Judgment Class members the full amount of the Civil Authority losses
     incurred and to be incurred in connection with the covered losses related to the
     Closure Orders and the necessary interruption of their businesses stemming from
     the COVID-19 pandemic.

## COUNT VIII
## DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE
### (Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)

108.   Plaintiff repeats, realleges, and incorporates by reference the allegations set forth
in paragraphs 1-51 as if fully set forth herein.

109.   Plaintiff brings this Count individually and on behalf of the other members of the
Extra Expense Declaratory Judgment Class.

110.   Plaintiff's Oregon Mutual policy, as well as those of the other Extra Expense
Declaratory Judgment Class Members, are contracts under which Oregon Mutual was paid
premiums in exchange for its promise to pay Plaintiff's and the other Extra Expense Declaratory
Judgment Class Members' losses for claims covered by the Policy.

111.   Plaintiff and the other Extra Expense Declaratory Judgment Class members have
complied with all applicable provisions of the Policies and/or those provisions have been waived
by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has
abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms
and has wrongfully and illegally refused to provide coverage to which Plaintiff and Class Members
are entitled.

Page 26 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

112.    Oregon Mutual has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

113.    An actual case or controversy exists regarding Plaintiff's and the other Extra Expense Declaratory Judgment Class Members' rights and Oregon Mutual's obligations under the Policies to reimburse Plaintiff and the other Extra Expense Declaratory Judgment Class Members for the full amount of Extra Expense losses incurred by Plaintiff and Class Members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

114.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Extra Expense Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

i.    Plaintiff's and the other Extra Expense Declaratory Judgment Class Members' Extra Expense losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their Policies; and

ii.    Oregon Mutual is obligated to pay Plaintiff and the other Extra Expense Declaratory Judgment Class Members for the full amount of the Extra Expense losses incurred and to be incurred in connection with the covered losses related to the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT IX
## DECLARATORY JUDGMENT – INGRESS AND EGRESS COVERAGE
### (Claim Brought on Behalf of the Ingress and Egress Declaratory Judgment Class)

115.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1-51 as if fully set forth herein.

116.    Plaintiff brings this Count individually and on behalf of the other members of the Ingress and Egress Declaratory Judgment Class.

Page 27 – **CLASS ACTION ALLEGATION COMPLAINT**

117.     Plaintiff's Oregon Mutual policy, as well as those of the other Ingress and Egress Declaratory Judgment Class Members, are contracts under which Oregon Mutual was paid premiums in exchange for its promise to pay Plaintiff and the other Ingress and Egress Declaratory Judgment Class Members' losses for claims covered by the Policy.

118.     Plaintiff and the other Ingress and Egress Declaratory Judgment Class members have complied with all applicable provisions of the Policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and Class Members are entitled.

119.     Oregon Mutual has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

120.     An actual case or controversy exists regarding Plaintiff's and the other Ingress and Egress Declaratory Judgment Class Members' rights and Oregon Mutual's obligations under the Policies to reimburse Plaintiff and the other Ingress and Egress Declaratory Judgment Class Members for the full amount of covered Ingress and Egress losses incurred by Plaintiff and the other Ingress and Egress Declaratory Judgment Class members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

121.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Ingress and Egress Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

Page 28 – **CLASS ACTION ALLEGATION COMPLAINT**

i.   Plaintiff's and the other Ingress and Egress Declaratory Judgment Class Members' covered Ingress and Egress losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their Policies; and

ii.  Oregon Mutual is obligated to pay Plaintiff and the other Ingress and Egress Declaratory Judgment Class members the full amount of the covered Ingress and Egress losses incurred and to be incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT X**
**DECLARATORY JUDGMENT – SUE AND LABOR COVERAGE**
**(Claim Brought on Behalf of the Sue and Labor Declaratory Judgment Class)**

122.   Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1-51 as if fully set forth herein.

123.   Plaintiff brings this Count individually and on behalf of the other members of the Sue and Labor Declaratory Judgment Class.

124.   Plaintiff's Oregon Mutual policy, as well as those of the other Sue and Labor Declaratory Judgment Class Members, are contracts under which Oregon Mutual was paid premiums in exchange for its promise to pay Plaintiff's and the other Sue and Labor Declaratory Judgment Class Members' reasonably incurred expenses to protect Covered Property.

125.   Plaintiff and the other Sue and Labor Declaratory Judgment Class Members have complied with all applicable provisions of the Policies and/or those provisions have been waived by Oregon Mutual or Oregon Mutual is estopped from asserting them, and yet Oregon Mutual has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and Class Members are entitled.

Page 29 – **CLASS ACTION ALLEGATION COMPLAINT**

126.    Oregon Mutual has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

127.    An actual case or controversy exists regarding Plaintiff's and the other Sue and Labor Declaratory Judgment Class Members' rights and Oregon Mutual's obligations under the Policies to reimburse Plaintiff and the other Sue and Labor Declaratory Judgment Class Members for the full amount Plaintiff and the other members of the Sue and Labor Declaratory Judgment Class reasonably incurred to protect Covered Property from further damage by COVID-19.

128.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Sue and Labor Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

i.    Plaintiff's and the other Sue and Labor Declaratory Judgment Class Members' reasonably incurred expenses to protect Covered Property from further damage by COVID-19 are insured losses under their Policies; and

ii.    Oregon Mutual is obligated to pay Plaintiff and the other Sue and Labor Declaratory Judgment Class Members for the full amount of the expenses they reasonably incurred to protect Covered Property from further damage by COVID-19.

## VII.    <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

a.    Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

b.    Entering judgment on Counts I-V in favor of Plaintiff and the members of the Business Income Breach Class, the Civil Authority Breach Class, the Ingress and Egress Breach

Page 30 – **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Class, the Extra Expense Breach Class, and the Sue and Labor Breach Class; and awarding

damages for breach of contract in an amount to be determined at trial;

     c.      Entering declaratory judgments on Counts VI-X in favor of Plaintiff and the

members of the Business Income Declaratory Judgment Class, the Civil Authority Declaratory

Judgment Class, the Ingress and Egress Declaratory Judgment Class, the Extra Expense

Declaratory Judgment Class, and the Sue and Labor Declaratory Judgment Class as follows;

    i.    Business Income, Civil Authority, Ingress and Egress, Extra Expense, and Sue and Labor losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their Policies; and

    ii.    Oregon Mutual is obligated to pay for the full amount of the Business Income, Civil Authority, Ingress and Egress, Extra Expense, and Sue and Labor losses incurred and to be incurred related to COVID-19, the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic;

     d.      Ordering Defendant to pay both pre- and post-judgment interest on any amounts

awarded;

     e.      Ordering Defendant to pay attorneys' fees and costs of suit; and

     f.      Ordering such other and further relief as may be just and proper.

Page 31 – **CLASS ACTION ALLEGATION COMPLAINT**

## VIII.   JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and Local Rules of this

Court, Plaintiff respectfully demands trial by jury on all issues so triable.

DATED this 17th day of April, 2020.

Respectfully submitted,

**STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.**

By: s/Steve D. Larson
    Steve D. Larson, OSB No. 863540
    Jennifer S. Wagner, OSB No. 024470
    209 SW Oak Street, Suite 500
    Portland, OR 97204
    Telephone: (503) 227-1600
    slarson@stollberne.com
    jwagner@stollberne.com

Adam J. Levitt (*pro hac vice* forthcoming)
Amy E. Keller (*pro hac vice* forthcoming)
Daniel R. Ferri (*pro hac vice* forthcoming)
Mark Hamill (*pro hac vice* forthcoming)
Laura E. Reasons (*pro hac vice* forthcoming)
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
dferri@dicellolevitt.com
mhamill@dicellolevitt.com
lreasons@dicellolevitt.com

Mark A. DiCello (*pro hac vice* forthcoming)
Kenneth P. Abbarno (*pro hac vice* forthcoming)
Mark Abramowitz (*pro hac vice* forthcoming)
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio  44060
Telephone:  440-953-8888
madicello@dicellolevitt.com
kabbarno@dicellolevitt.com
mabramowitz@dicellolevitt.com

W. Mark Lanier (*pro hac vice* forthcoming)

Page 32 – **CLASS ACTION ALLEGATION COMPLAINT**

Alex Brown (*pro hac vice* forthcoming)
Ralph (Skip) McBride (*pro hac vice* forthcoming)
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas  77064
Telephone:  713-659-5200
WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
Skip.McBride@LanierLawFirm.com


Timothy W. Burns (*pro hac vice* forthcoming)
Jeff J. Bowen (*pro hac vice* forthcoming)
Jesse J. Bair (*pro hac vice* forthcoming)
Freya K. Bowen (*pro hac vice* forthcoming)
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin  53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com


Douglas Daniels (*pro hac vice* forthcoming)
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

*Counsel for Plaintiff*
*and the Proposed Classes*


Page 33 – **CLASS ACTION ALLEGATION COMPLAINT**