BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: COVID-19 BUSINESS          )          MDL No. 2942
INTERRUPTION PROTECTION  )
INSURANCE LITIGATION           )

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF THE MOTIONS TO TRANSFER

Pursuant to Rule 6.3 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Movants[1] respectfully submit this brief in support of expedited consideration of the pending motions to transfer.

---

[1] Movants are plaintiffs in the following cases: *Christie Jo Berkseth-Rojas DDS v. Aspen American Insurance Co.* No. 3:20-cv-00948 (N.D. Tex.); *Bridal Expressions LLC v. Owners Insurance Co.*, No. 1:20-cv-00833 (N.D. Ohio); *Caribe Restaurant & Nightclub, Inc. v. Topa Insurance Co.*, No. 2:20-cv-03570 (C.D. Cal.); *Dakota Ventures, LLC v. Oregon Mutual Insurance Co.*, No. 3:20-cv-00630 (D. Or.); *GIO Pizzeria & Bar Hospitality, LLC and GIO Pizzeria Boca, LLC v. Certain Underwriters at Lloyd's London Subscribing to Policy Numbers ARP-74910-20 and ARP-75209-20*, No. 1:20-cv-03107 (S.D.N.Y.); *Rising Dough, Inc. (d/b/a Madison Sourdough), Willy McCoys of Albertville LLC, Willy McCoys of Andover LLC, Willy McCoys of Chaska LLC, Willy McCoys of Shakopee LLC, Whiskey Jacks of Ramsey, LLC (d/b/a Willy McCoys Ramsey) v. Society Insurance*, No. 2:20-cv-00623 (E.D. Wis.); *Troy Stacy Enterprises Inc. v. The Cincinnati Insurance Co.*, No. 1:20-cv-00312 (S.D. Ohio); *Truhaven Enterprises, Inc. v. Chubb Ltd. and Indemnity Insurance Co. of North America*, No. 2:20-cv-04586 (D.N.J.); *SA Hospitality Group, LLC, 1000 Madison Avenue LLC, Astoria Cakes LLC, Café Focaccia, Inc., Realtek LLC, SA Midtown LLC, Bailey's Restaurant LLC, SA Special Events LLC, SASE LLC, Eighty Third and First LLC, 265 Lafayette Ristorante LLC, Felice Gold Street LLC, SA 61st Management LLC, SA York Ave LLC, SA Third Ave Café LLC, SABF LLC, Felice Chambers LLC, and Felice Water Street LLC v. Hartford Financial Services Group, Inc. and Hartford Fire Insurance Co.*, No. 1:20-cv-03258 (S.D.N.Y.); *Project Lion LLC d/b/a Crush d/b/a Greek Sneek, Project M LLC d/b/a La Comida, and Project W LLC d/b/a La Cave v. Badger Mutual Insurance Co.*, No. 2:20-cv-00768 (D. Nev.); *Camp 1382 LLC v. Lancer Insurance Co.*, No. 1:20-cv-03336 (S.D.N.Y.); *LH Dining LLC (d/b/a River Twice Restaurant) v. Admiral Indemnity Company*, No. 2:20-cv-01869 (E.D. Pa.); *Newchops Restaurant Comcast LLC (d/b/a Chops) v. Admiral Indemnity Company*, No. 2:20-cv-01949 (E.D. Pa.); *Jul-Bur Associates, Inc. and Julie's Bottega v. Selective Insurance Company of America and Selective Insurance Company of the Southeast*, No. 2:20-cv-01977 (E.D. Pa.); *Chester County Sports Arena v. The Cincinnati Specialty Underwriters Insurance Company*, No. 2:20-cv-02021 (E.D. Pa.); *Sidkoff, Pincus & Green PC v. Sentinel Ins. Co.*, No. 2:20-cv-02083 (E.D. Pa.); *C.A. Spalding v. Selective Insurance Group, Inc. and Selective Insurance Co. of America*, No. 2:20-cv-01967 (E.D. Pa.); *Ian McCabe Studio, LLC and Ian McCabe Studio at Union Market, LLC v. Erie Insurance Exchange*, No. 2:20-cv-01973 (E.D. Pa.).

Given the swift and widespread nature of the business losses already suffered due to the COVID-19 pandemic, Movants assert that delay of a ruling from the Panel until the next Panel Session (July 30) would almost certainly result in piecemeal litigation of dozens of similar cases across the country, with the attendant inefficiencies, uncertainty, and potential for conflicting actions for the next several months. Considering the important and immediate economic interests at issue, Movants request that the Panel consider this motion at its next hearing session on May 28, 2020 (rather than three months from now). If any multidistrict case ever counseled in favor of expedited consideration of transfer, it would be this case, where so much of the country is affected and so much is at stake.

**I.    BACKGROUND**

The actions subject to the pending motions to transfer each concern the massive losses suffered by businesses denied insurance coverage for their losses caused by the ongoing pandemic referred to herein as "COVID-19." COVID-19 continues to spread rapidly throughout the United States, having resulted in, by the time of filing, over 1 million diagnosed cases (and an indeterminate number of undiagnosed cases) and over 50,000 confirmed deaths.[2] Statewide stay-at-home orders have been issued in 42 states in response to COVID-19 that require the suspension of business at a wide range of establishments, and those orders will remain in effect past April 30 for at least 34 states.[3]

Although most American businesses carry some form of business interruption insurance to protect against such unanticipated losses, many insurers have been denying claims for business

---

[2] https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html

[3] https://www.nytimes.com/interactive/2020/us/states-reopen-map-coronavirus.html

interruption losses caused by COVID-19.  For example, The Hartford[4] and Travelers[5] have both declared their intent not to provide business interruption coverage, and numerous insurers globally or in individual declination letters have taken the same position.

The pending motions to transfer in this JPML proceeding were filed on April 20 and 21, 2020.  (Dkt. 1-2.)  The motions originally identified sixteen related actions filed in thirteen different districts, but just in the past ten days there have been 21 additional actions noticed as related actions (Dkt. 6, 10, 12, 13), for a total of 37 related actions in eighteen districts.  Pursuant to this Panel's briefing schedule on the motions for transfer, responses are due by May 12, 2020, and replies are due by May 20, 2020, eight days before the Panel's next hearing on May 28, 2020.

II.  **ARGUMENT**

The Panel should expedite its consideration of Plaintiffs' motion to transfer the pending actions.  At least 37 cases have already been filed, and with the number of businesses affected, there will most certainly be dozens, if not hundreds more.  Given the scope of the economic impact of the pandemic and the threat of irreparable harm that it poses, Movants respectfully submit that that the Panel should consider transfer as soon as possible.  Millions of Americans are waiting for answers, and a coordinated, consolidated proceeding before one Court is the best way to address the immediate business interests and resulting public confusion posed by the massive denial of business interruption insurance coverage.

    A.    **Expedited consideration of Plaintiffs' motion is necessary.**

The Judicial Panel on Multidistrict Litigation's Rule 6.3 contemplates that parties may move the Panel for expedited consideration of any motion. Motions for an accelerated special

---

[4] htttps://www.thehartford.com/coronavirus/businesses
[5] https://www.travelers.com/about-travelers/covid-19-business-interruption

hearing date may be appropriate "in a case presenting unusual need for such relief."[6] Here, the business interests at stake for nearly half of the country, combined with the turmoil caused by the denial of business interruption insurance coverage, counsels for immediate resolution of the motion to transfer and coordinate. The Panel should resolve the motion for transfer soon, so that the transferee court can comment on the appropriate mechanism to address Plaintiffs' immediate business concerns and ensure that the uncertainty regarding their insurance coverage can be resolved as expeditiously as possible.

### 1. The COVID-19 pandemic presents immediate economic harm for millions of Americans.

The lives of all Americans have been profoundly impacted by the COVID-19 pandemic, but the impact of COVID-19 has been particularly devastating to American businesses, particularly smaller businesses whose balance sheets cannot survive a months'-long shutdown. Estimates of these losses exceed ***$300 billion a month***.[7] The pandemic has also slashed U.S. gross domestic product for the first quarter of 2020 by 4.8 percent, the deepest cut since the 2008 financial crisis.[8] These business losses have resulted in mass unemployment, with a staggering total of over 30 million filings for unemployment benefits in the past six weeks alone, representing more than one in six American workers.[9]

---

[6] 2 David F. Herr, Multidistrict Litigation Manual §4:25 (2012).

[7] https://fortune.com/2020/04/23/coronavirus-businesses-lawsuits-force-insurers-pay-lockdown-losses/

[8] https://www.whitehouse.gov/articles/depth-look-covid-19s-early-effects-consumer-spending-gdp/

[9] https://www.nytimes.com/aponline/2020/04/30/business/bc-us-virus-outbreak-unemployment-benefits.html

Without immediate relief, many American businesses will not survive the pandemic. In a recent MetLife/U.S. Chamber of Commerce survey, 43% of small businesses reported that they will be forced to shut down permanently in the next six months without outside assistance.[10] The business interruption coverage sought in these actions represent the last hope for many of these businesses.

### 2. Uncertainty regarding the scope of business interruption insurance coverage will only deepen absent transferee court guidance.

Given the urgency with which the plaintiff businesses will pursue their claims against the defendant insurers, immediate coordination of these claims is even more vital than in the typical multidistrict litigation. Delaying consideration of the motions to transfer until the end of July means that parties will have an additional two months to press for emergency relief in the courts in which these actions were originally filed, potentially leading to inconsistent adjudications. The magnitude of the potential claims for business losses of $300 billion per month or more threatens to overwhelm the combined funds available from insurers to pay off these claims.[11] Consequently, the National Association of Insurance Commissioners has issued a statement warning:

> [I]f insurance companies are required to cover such claims, such an action would create substantial solvency risks for the sector, significantly undermine the ability of insurers to pay other types of claims, and potentially exacerbate the negative financial and economic impacts the country is currently experiencing.[12]

To be sure, the risk of insolvency is no defense to paying out contractually-obligated insurance payments. However, given the impact that they will have on the industry as well as on the insured

---

[10] https://www.uschamber.com/co/start/strategy/metlife-us-chamber-small-business-index-coronavirus

[11] https://www.insurancejournal.com/news/national/2020/03/30/562738.htm

[12] https://content.naic.org/article/statement_naic_statement_congressional_action_relating_covid_19.htm

businesses, legal determinations regarding the insurers' obligations should not be made in a series of uncoordinated and potentially conflicting rulings over the next three months. This is particularly so in light of the significant defense costs that will inevitably result from insurers defending a multiplicity of actions across the country, which will further consume the insurers' limited assets. Expedited consideration of whether to transfer these actions to allow for coordinated proceedings will help avert a potential financial meltdown of the insurance and reinsurance industries, as well as preserve as many assets as possible for injured businesses by limiting defense costs.

> **3. Expediting consideration of this transfer motion at the Panel's May 28 hearing will not be administratively burdensome.**

As discussed above, the Panel should not wait until the July JPML hearing session to determine whether these cases should be transferred to a single court for coordinated or consolidated pretrial proceedings, and the court to which these cases should be transferred. Fortunately, due to the timing and circumstances of the May 28 hearing, expediting consideration of the motions to transfer at the Panel's May 28 hearing session would not impose a significant burden.

Under the briefing schedule that the Panel has already set, the briefing on the motions to transfer is set to conclude on May 20, 2020 – eight days before the May 28 hearing session. This should provide ample time for the Panel and the parties' counsel to prepare for oral argument. Furthermore, the Panel's latest May 2020 hearing order currently lists only five matters for oral argument – significantly fewer than this Panel typically hears during a hearing session. Thus, the addition of one more matter will not result in a crowded docket. Finally, since the Panel intends to conduct oral argument for the May 2020 hearing via videoconference or teleconference, no parties' counsel's travel arrangements will need to be changed to allow for attendance at the

6

hearing. In light of all these considerations, expedited consideration of the motions to transfer in this matter should not be significantly difficult to facilitate.

## III. CONCLUSION

Movants respectfully request this Panel expedite consideration of their motion to transfer by setting it for hearing during its May 28, 2020 hearing session.

Dated: May 1, 2020                     Respectfully submitted,

/s/ *Adam J. Levitt*
Adam J. Levitt
John E. Tangren
Amy E. Keller
Daniel R. Ferri
Mark Hamill
Laura E. Reasons
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
akeller@dicellolevitt.com
dferri@dicellolevitt.com
mhamill@dicellolevitt.com
lreasons@dicellolevitt.com

Mark A. DiCello
Kenneth P. Abbarno
Mark Abramowitz
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
Telephone: 440-953-8888
madicello@dicellolevitt.com
kabbarno@dicellolevitt.com
mabramowitz@dicellolevitt.com

Mark Lanier
Alex Brown
Ralph (Skip) McBride
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas 77064
Telephone: 713-659-5200
WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
Skip.McBride@lanierlawfirm.com

Timothy W. Burns
Jeff J. Bowen
Jesse J. Bair
Freya K. Bowen
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

Douglas Daniels
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas 77057
Telephone: 713-917-0024
douglas.daniels@dtlawyers.com

James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, CECCHI,
 OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: 973-994-1700
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

Christopher A. Seeger
Stephen A. Weiss
**SEEGER WEISS LLP**
77 Water Street, 8th Floor
New York, New York  10005
Telephone:  212-584-0700
cseeger@seegerweiss.com
sweiss@seegerweiss.com

Paul J. Geller
Stuart A. Davidson
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida  33432
Telephone:  561-750-3000
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

Rachel L. Jensen
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, California  92101
Telephone:  619-231-1058
rachelj@rgrdlaw.com

Samuel H. Rudman
**ROBBINS GELLER RUDMAN
 & DOWD LLP**
58 South Service Road, Suite 200
Melville, New York  11747
Telephone:  631-367-7100
srudman@rgrdlaw.com

Richard M. Golomb
Kenneth J. Grunfeld
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, Pennsylvania  19103
Telephone:  215-985-9177
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com

Arnold Levin
Frederick Longer
Daniel Levin
**LEVIN SEDRAN & BERMAN, L.L.P.**
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: 215-592-1500
alevin@lfsblaw.com
flonger@lfsblaw.com
dlevin@lfsblaw.com

W. Daniel "Dee" Miles, III
Rachel N. Boyd
Paul W. Evans
**BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, Alabama 36103
Telephone: 334-269-2343
Dee.miles@beasleyallen.com
Rachel.boyd@beasleyallen.com
Paul.evans@beasleyallen.com

*Counsel for Movants*