**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: COVID-19 BUSINESS LOSS INTERRUPTION PROTECTION INSURANCE LITIGATION** | **MDL Docket No.: 2942** |
| **This Document Relates To:** Laudenbach Periodontics and Dental Implants, Ltd. v. Liberty Mutual Insurance Group, *et al.*, 2:20-cv-02029-TJS | |

**INTERESTED PARTIES' STATEMENT IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. §1407**

Pursuant to Rule 6.2(e) of the Rules of Civil Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiff, Laudenbach Periodontics and Dental Implants, Ltd. ("Laudenbach"), supports transfer and consolidation and respectfully requests that the MDL be assigned to the Honorable Timothy J. Savage of the United States District Court for the Eastern District of Pennsylvania. Centralization of the subject actions, which center on the same or substantially similar disputes over insurance coverage for COVID-19 related business losses, will maximize the convenience of the parties and witnesses and promote the just and efficient conduct of the actions. Efficiency is particularly important because the outcome of the underlying insurance disputes will likely determine the commercial and economic viability of the plaintiffs' businesses. As acknowledged by movants, LH Dining L.L.C. ("River Twice") and Newchops Restaurant Comcast LLC ("Chops"), the Eastern District of Pennsylvania is the most appropriate forum because it is centrally located on the Northeastern corridor, has sufficient resources and has a long history of successfully managing a variety of multidistrict litigations. Judge Savage in particular has ample experience in complex insurance matters, is experienced in

1

managing multidistrict litigations and is uniquely familiar with this litigation because he currently presides over three of the subject actions, including the River Twice, Chops and Laudenbach actions. For the reasons set forth more fully below, the Panel should grant consolidation and transfer the actions to the Eastern District of Pennsylvania.

## I.  STANDARD OF REVIEW

Under 28 U.S.C. § 1407, the Panel has discretion to transfer and consolidate similar actions pending in different districts to maximize the convenience of the parties and witnesses and promote the just and efficient conduct of the actions.  28 U.S.C. § 1407(a). Centralization is appropriate when common questions of fact across multiple actions creates the potential for duplicative discovery, inconvenience to the parties, inconsistent pretrial rulings and an unnecessary exhaust of judicial resources.  *In re: Glaceau VitaminWater Mktg. & Sales Practices Litig*., 764 F. Supp. 2d 1349, 1350 (U.S. Jud. Pan. Mult. Lit. 2011).  28 U.S.C. § 1407(a) does not require an identity of common parties or even majority of common factual or legal issues as prerequisites to transfer.  *Id.* (citing *In re Gadolinium Contrast Dyes Prods. Liab. Litig*., 536 F.Supp.2d 1380, 1382 (J.P.M.L.2008). Centralization has the salutary effect of placing similar actions before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, and (2) ensures that pretrial proceedings are conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.  *In re: Satyam Computer Servs., Ltd., Sec. Litig*., 712 F. Supp. 2d 1381, 1382 (U.S. Jud. Pan. Mult. Lit. 2010).

## II.     ARGUMENT

### A. Consolidation Will Maximize Convenience and Promote the Just and Efficient Conduct of the Actions

Here, consolidation will maximize the convenience of the parties and promote the just and efficient conduct of the actions because the subject actions raise ample common factual and legal issues surrounding business interruption and civil authority coverage following state mandated shutdowns of commercial businesses during the COVID-19 pandemic. The Panel has previously acknowledged that centralization may be appropriate where, as here, insurance coverage disputes stem from one core precipitating event. *In re: Oil Spill by Oil Rig DEEPWATER HORIZON in Gulf of Mexico, on Apr. 20, 2010*, 764 F. Supp. 2d 1352, 1353 (U.S. Jud. Pan. Mult. Lit. 2011)(granting centralization where "the insurance policies at issue here involve coverage issues with respect to events at the core of the MDL—the April 20, 2010, explosion and fire on the Deepwater Horizon drilling rig and the ensuing oil spill.")

Consolidation will also maximize efficiencies and expedite the resolution of the subject actions because they are at their procedural infancy. *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 220 F. Supp. 3d 1356, 1358 (U.S. Jud. Pan. Mult. Lit. 2016)(granting consolidation after finding the actions were not too procedurally disparate to benefit from centralization where nearly all were filed within the past six months); *In re Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F. Supp. 2d 1375 (J.P.M.L. 2010)(denying centralization of 102 actions because panel was "unconvinced that centralization would serve the convenience of the parties" in actions at "widely varying procedural stages".).

### B. The Eastern District of Pennsylvania is the Most Appropriate Forum for the MDL

The Eastern District of Pennsylvania has a long history of successfully managing complex MDLs, including but not limited to *In Re: National Football League Players' Concussion Injury Litigation*, *In Re: Avandia Marketing, Sales Practices* a*nd Products Liability Litigation* and *In Re: Zoloft Products Liability Litigation*.[1] Located less than ten miles from the Philadelphia International Airport, the Eastern District of Pennsylvania is also an easily accessible forum for all parties.

The Honorable Timothy J. Savage is uniquely familiar with the subject matter of this litigation because he already presides over three of the subject actions, including the Twice River, Chops and Laudenbach cases. *In re Imagitas, Inc*., 486 F. Supp. 2d 1371, 1372 (J.P.M.L. 2007)(favoring transfer to a "jurist already familiar with the contours of the litigation"). Judge Savage is also experienced in managing MDLs. *In re Ace Ltd. Sec. Litig*., 370 F. Supp. 2d 1353 (J.P.M.L. 2005)(transferring consolidated securities litigation to Judge Savage); *In re Methyl Methacrylate (MMA) Antitrust Litig*., 435 F. Supp. 2d 1345, 1346 (J.P.M.L. 2006)(assigning consolidated antitrust litigation to Judge Savage). Finally, Judge Savage has ample experience overseeing complex insurance litigations. *See e.g. Willisch v. Nationwide Ins. Co. of Am*., 2015 WL 12831297, at *1 (E.D. Pa. Sept. 10, 2015); *Vito v. RSUI Indem. Co*., 2020 WL 424592 (E.D. Pa. Jan. 27, 2020); *Waterman v. USAA Cas. Ins. Co*., 2013 WL 12145867, at *1 (E.D. Pa. Apr. 18, 2013).

---

[1] https://www.paed.uscourts.gov/documents2/mdl (last accessed on May 6, 2020).

### III. CONCLUSION

For the foregoing reasons, Laudenbach respectfully requests that the Panel grant centralization and assign this MDL to Judge Savage in the Eastern District of Pennsylvania.

Dated: May 7, 2020

Respectfully submitted,

**ANAPOL WEISS**

 /s/ Sol H. Weiss
Sol H. Weiss, Esquire
James R. Ronca, Esquire
Gregory S. Spizer, Esquire
Ryan D. Hurd, Esquire
Paola Pearson, Esquire
One Logan Square
130 N. 18th St., Suite 1600
Philadelphia, PA 19103
215-735-2098 (P)
215-875-7701 (F)
sweiss@anapolweiss.com
jronca@anapolweiss.com
gspizer@anapolweiss.com
rhurd@anapolweiss.com
ppearson@anapolweiss.com

*Counsel for Plaintiff, Laudenbach Periodontics and Dental Implants, Ltd. v. Liberty Mutual Insurance Group, et al.*

## **CERTIFICATE OF SERVICE**

I, Sol H. Weiss, hereby certify that, on May 7, 2020, the foregoing Interested Party Response was filed and made available via CM/ECF to all counsel of record.

**ANAPOL WEISS**

/s/ Sol H. Weiss
Sol H. Weiss, Esquire

*Counsel for Plaintiff, Laudenbach Periodontics and Dental Implants, Ltd. v. Liberty Mutual Insurance Group, et al.*