BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATON

-------------------------------------------------------------X

IN RE: COVID-19 BUSINESS INTERRUPTION    MDL No. 2942
PROTECTION INSURANCE LITIGATION

-------------------------------------------------------------X

### INTERESTED PARTY BADGER MUTUAL INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION

In accordance with Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendant BADGER MUTUAL INSURANCE COMPANY ("Badger"), as an interested party, respectfully submits this response in opposition to certain Plaintiffs' Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (D.E. 1) and the Subsequent Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (D.E. 4).  Pursuant to the Panel's preference for consolidated briefing, Badger hereby joins into and incorporates by reference the legal analysis set forth in Interested Parties Westchester Surplus Lines Insurance Company and Indemnity Insurance Company of North America's Response to Plaintiffs' Motions for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (the "Westchester Surplus Response"), as filed on June 3, 2020 (D.E. 376).

As detailed in the Westchester Surplus Response, in order to qualify for MDL treatment, the movant(s) must show that (i) the actions to be consolidated share sufficient common questions of fact, (ii) transfer would be for the convenience of the parties and witnesses, and (iii) transfer would advance the just and efficient conduct of the actions.  See 28 U.S.C. § 1407(a); In re Highway Accident Near Rockville, Conn., on Dec. 30, 1972, 388 F. Supp. 574, 575 (J.P.M.L. 1975); Manual for Complex Litigation § 20.131 (4th ed. 2004).  Here, the Moving Plaintiffs

cannot establish any of these criteria because the actions sought to be consolidated concern (i) the application of the terms of a myriad of different insurance policies issued by over one hundred different insurers (ii) to the unique factual circumstances allegedly giving rise to coverage of the losses purportedly suffered by each individual plaintiff, and the unique conduct of each defendant insurer in adjusting each claim for such coverage, (iii) with each claim evaluated under a particular state law, with over twenty state laws already represented in the cases identified for consolidation. These actions simply do not share sufficient common questions of fact, and consolidation would offer no convenience for the parties and the witnesses, but rather would serve only to hinder the just and efficient conduct of the actions. See In re: Honey Prod. Mktg. & Sales Practices Litig., 883 F. Supp. 2d 1333 (J.P.M.L. 2012) (denying motion for transfer and explaining "the differences among the actions are both significant and numerous . . . [i]nvolv[ing] different defendants, marketing different honey products, and involv[ing] different state regulations subject to different legal challenges by the defendants"); In re Ins. Companies "Silent" Preferred Provider Org. (PPO) Litig., 517 F. Supp. 2d 1362, 1363 (J.P.M.L. 2007) (denying motion to transfer insurance actions because "we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation"); In re Asbestos and Asbestos Insulation Material Prods. Liab. Litig., 431 F. Supp. 906, 910 (J.P.M.L. 1977) ("Many factual questions unique to each action or to a group of actions already pending in a single district clearly predominate, and therefore transfer is unwarranted.").

As such, and for the additional reasons set forth in the Westchester Surplus Response and below, the Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 and

the Subsequent Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings should both be denied in their entirety.

## SUPPLEMENTAL FACTUAL BACKGROUND

Badger is a defendant in only one related action for consolidation – <u>Project Lion LLC et al. v. Badger Mut. Ins. Co.</u>, Docket No. 2:2020cv00768 (D. Nev.) (the "Badger Action"). The Badger Action is a putative class action commenced by a trio of Las Vegas-based food service establishments on behalf of themselves individually and a putative nationwide class with a Nevada sub-class. In the Badger Actions, the plaintiffs claim that they, and the putative class members, have suffered losses due to the measures taken by the governments of their respective states to prevent the spread of COVID-19 in the future (and not as a result of the virus itself). Notably, the plaintiffs do not frame their claims as breach of contract, but rather assert claims under Nevada law sounding in anticipatory breach of contract based upon an "upon information and belief" allegation that "Badger is and has been denying coverage for any sort of business interruption claim arising from or relating to the COVID-19 pandemic without investigation into the individual circumstances of the claim." The plaintiffs offer no factual allegations in support of this conclusory assertion. Further, the Complaint omits the fact that the named plaintiffs have <u>never</u> submitted claims to Badger for any losses stemming from COVID-19 or the governmental measures taken in response thereto, and that Badger has thus not made any coverage determinations with respect to these plaintiffs' alleged losses.

The Complaint in the Badger Action asserts two claims for anticipatory breach of contract and two attendant claims for declaratory judgment – one each based on business income coverage and one each based on extra expense coverage.

On May 26, 2020, Badger moved to dismiss the Badger Action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that the complaint failed to state a cause of action for which relief may be granted. Specifically, Badger primarily argued that (i) the plaintiffs failed to satisfy a condition precedent to bringing suit by failing to provide notice of a loss to Badger, and (ii) even if they could bring suit, the plaintiffs did not allege any conduct indicating that Badger would not or could not substantially perform its duties under the policies, thus precluding the claims for anticipatory breach of contract or the attendant claims seeking declaratory relief.

## **SUPPLEMENTAL ARGUMENT**

**I.    The Nevada District Court Should Adjudicate Badger's Motion to Dismiss**

There can be no dispute that the arguments raised in Badger's motion to dismiss require the application of Nevada law regarding insurance policy interpretation and the pleading requirements for an anticipatory breach of contract claim. As such, the Nevada District Court is better situated than any potential transferee court to resolve these state law questions – questions which may prove dispositive of the Badger Action. This is because the Nevada District Court likely has a much greater familiarity with Nevada state law and can, should it deem it necessary, certify questions of law to the Supreme Court of Nevada. See Nev. R. App. P. 5(a).

Furthermore, any decisions made in other cases – which all necessarily address different policy forms, different factual backgrounds, and/or different applicable state laws – will have no bearing as to whether the plaintiffs in the Badger Action have sufficiently alleged under Nevada law that (i) they satisfied the conditions set forth in the Badger policies at issue for bringing suit, and (ii) Badger, without justification and prior to a breach by the plaintiffs, made a statement or engaged in conduct indicating that it would not or could not substantially perform its duties

under the policies.  See Shaw v. CitiMortgage, Inc., 201 F. Supp. 3d 1222, 1250 (D. Nev. 2016) (citing Kahle v. Kostiner, 85 Nev. 355, 455 P.2d 42, 44 (1969)); Joseph v. Hartford Fire Ins. Co., No. 2:12-cv-798-JCM-CWH, 2014 WL 4829061, at *3 (D. Nev. Sept. 30, 2014).

As such, the Nevada District Court is the most efficient venue to adjudicate the issues presented in Badger's motion to dismiss and there is no convenience or efficiency to be gained by having any potential transferee court decide that motion.

## CONCLUSION

For the reasons set forth above and in the Westchester Surplus Response, Badger Mutual Insurance Company respectfully requests that the Panel deny both the initial and subsequent motions for transfer and coordination or consolidation in their entirety.

Dated: Uniondale, New York
June 5, 2020

Respectfully Submitted,
RIVKIN RADLER LLP

/s/ Brian L. Bank
 Brian L. Bank, Esq.
 Michael A. Troisi, Esq.
 Michelle Vizzi, Esq.
 Laura Mulholland, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:   (516) 357-3000
Facsimile:   (516) 357-3333

*Counsel for Defendant Badger Mutual Insurance Company*