BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In Re: COVID-19 Business Interruption   :
Insurance Coverage Litigation            :      MDL NO. 2942
                                         :

**BRIEF IN SUPPORT OF MOTION FOR TRANSFER FOR COORDINATION OR CONSOLIDATION IN THE EASTERN DISTRICT OF PENNSYLVANIA**

Respondents Lansdale 329 Prop, LLC d/b/a Stove and Tap, 329 Mainland, LLC d/b/a Stove and Tap, Lincoln Liquor LLC d/b/a Stove and Tap, 560 Wellington Square Associates LLC d/b/a Al Pastor, and MilkBoy Center City LLC (collectively "Respondents"), which are plaintiffs in two actions pending in the Eastern District of Pennsylvania,[1] support all motions or requests to transfer all actions to a single court for consolidation or coordination, pursuant to 28 U.S.C. §1407.

All of the actions before the JPML relate to the current COVID-19 pandemic, and arise from similar facts relating to the denial of business interruption coverage for insureds following governmental orders closing non-essential businesses and directing individuals not involved in providing essential services to stay at home for an indefinite period. Respondents' actions, like those brought by the other litigants, seek relief for business losses sustained due to the closures mandated by governmental authorities.

An integral part of insurance for many businesses is securing coverage for losses due to business interruption. Respondents, like many businesses, obtained insurance that provided such coverage, including for losses suffered when access to a business is closed or restricted as a result of a governmental order, the so-called "Civil Authority" provision. And the JPML can take

---

[1] *Lansdale 329 Prop, LLC, et al. v. Hartford Underwriters Ins. Co., et al.*, Civil Action No. 2:20-cv-02034 (E.D. Pa.); *MilkBoy Center City LLC v. The Cincinnati Casualty Co.*, Civil Action No. 2:20-cv-02036 (E.D. Pa.).

judicial notice of the fact that for some time period in 2020, governmental authorities in the vast majority of states covering most of the population closed non-essential businesses and/or issued unprecedented "stay at home" orders that have had the effect of shuttering their insureds' businesses and inflicting massive economic losses for which they had wisely purchased insurance coverage. As the plethora of cases brought before the JPML demonstrates, and as confirmed by public statements by insurers and their representatives, insurance companies, as a group, appear to be uniformly (and in many cases, pre-emptively) rejecting claims for business interruption or business loss coverage, by asserting that closures due to the Covid-19 pandemic do not qualify for compensation.

For the reasons set forth below, Respondents favor the transfer of all of the related action to a single federal district court and district judge, and further favor transfer of the related actions to the Eastern District of Pennsylvania, rather than the Northern District of Illinois or Southern District of Florida.

### Transfer of Cases to a Single Forum and Judge for Coordinated or Consolidated Pre-trial Proceedings

In the next few months, the determination whether blanket denials will stand will constitute a life-or-death decision for many insureds. The issue is clearly joined, and warrants swift and prompt resolution for which the survival of large parts of the economy, including many small "mom and pop" businesses, depends. Therefore, Respondents support the §1407 motions or responses to the extent that they request transfer to a single forum and judge.

The pendency of cases against the same insurers in a multitude of judicial forums raises the risk of inconsistent rulings on common issues. Moreover, to the extent that different insurers have utilized common policy language, often drafted as model clauses by insurance industry associations, raises the prospect that different courts could come to conflicting interpretations of

identical policy language. This result could seriously impair both businesses and insurers in their ability to rationally assess, and insure against, critical risks. In fact, a failure to transfer these cases to a single forum raises the risk that inconsistent interpretations of identical policy provisions could unleash chaos and eliminate the predictability that is essential to effective planning and decision-making for both insureds and their insurers, thereby further damaging the economy as it seeks to recover from the sudden depression in economic activity.

Moreover, there are now hundreds of cases pending in dozens of federal courts relating to this matter. It would be very inefficient to require numerous judges to cover overlapping and in some cases identical issues. This would overly burden the judicial system at a time when the judicial system is struggle to manage cases because of the Covid-19 pandemic.

In determining whether to grant any transfer motions, the Panel need not address the precise manner in which the transferee court will manage the pretrial conduct of the transferred litigation, as that determination is entrusted to the transferee court.[2] Therefore, Respondents respectfully submit that the proper question for the Panel is whether for future coordination or consolidation

---

[2] The division of responsibilities between the Panel and the transferee court has long been established:

> It is the province of the Panel to decide whether in the first instance the litigation should be transferred for coordinated or consolidated pretrial proceedings. It is the province of the transferee judge to determine whether and to what extent the pretrial proceedings should be coordinated or consolidated. We have repeatedly declined to attempt to determine in what way and to what extent the litigation should be coordinated or consolidated. From the very beginning we have left that determination to the discretion of the transferee judge.

*In re Equity Funding Corp. of America Sec. Litig.*, 375 F. Supp. 1378, 1384 (J.P.M.L. 1973). *See also In re Republic Nat'l-Realty Equities Sec. Litig.*, 382 F. Supp. 1403, 1405-1406 (J.P.M.L. 1974) ("Nor do we accept the proposition that progress on the discovery of the asserted non-common issues will be impeded by transfer. The transferee judge has the broad discretion to design a pretrial program which will allow discovery on any unique issues to proceed concurrently with discovery on the common issues.")

would reduce the uncertainty and chaos that is so threatening to efforts to recover from the severe economic consequences of this pandemic

### Transfer to the Eastern District of Pennsylvania is Preferable to the Northern District of Illinois or the Southern District of Florida

While all of the proposed forums have very competent and skillful jurists who could ably handle this matter, Respondents respectfully suggest that the best forum for this massive litigation is the Eastern District of Pennsylvania. The Eastern District of Pennsylvania has far fewer reported pending civil cases (379) than the Northern District of Illinois (745), and is comparable to the Southern District of Florida (371). The Eastern District of Pennsylvania also has a much shorter time from filing to civil trial (19.6 months) compared to the Northern District of Illinois (36.7 months), and again is comparable to the Southern District of Florida (18.6). Moreover, the Southern District of Florida continues to devote a large portion of its docket to felony criminal matters (115), compared to the Eastern District of Pennsylvania (39) or the Northern District of Illinois (42). Given the obligations of the Speedy Trial Act, that heavy criminal case load could certainly interfere with the transferee judge's ability to devote attention to this matter, which is certainly recommended by the Manual for Complex Litigation, Fourth § 10.1 ("Fair and efficient resolution of complex litigation requires at least that … the court exercise early and effective supervision (and, where necessary, control").

### Efforts to Pursue Alternatives or Additional Avenues for Efficient Processing of this Litigation

Pursuant to the JPML's April 21, 2020 Notice requesting information concerning alternative or additional steps for proceeding, Respondents' counsel has already reached out to counsel, both in the Eastern District of Pennsylvania and elsewhere, including in state courts, to explore the most efficient manner of proceeding. Now that several defense counsel have entered their appearances, Respondents' counsel are also prepared to engage in a dialogue with them to

address the best practices for efficient litigation. Respondents respectfully submit that the best method to efficiently process this litigation would be for this Panel to make the selection of the proper judge or judges for pretrial processing of all federal litigation concerning business interruption claims arising from the Covid 19 pandemic. Under the circumstances, Respondents do not currently believe this matter is appropriate for transfer pursuant to 28 U.S.C. § 1404, but would be prepared to consider this in the future, if appropriate.

## Conclusion

The JPML should transfer all cases for consolidation or coordinated proceedings to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1407.

Dated: June 5, 2020                     Respectfully submitted,


                                          */s/ Mark R. Rosen*
                                        **BARRACK, RODOS & BACINE**
Daniel E. Bacine
Mark R. Rosen
Jeffrey A. Barrack
Meghan J. Talbot
2001 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 963-0600
Fax: (215) 963-0838
dbacine@barrack.com
mrosen@barrack.com
jbarrack@barrack.com
mtalbot@barrack.com

                -        and –

Stephen R. Basser
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101

Telephone: (619) 230–0800
Fax: (619) 230–1874

sbasser@barrack.com

*Counsel for Respondents*