BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | ) ) ) ) MDL No. 2942 |

**SALUM, FROSCH, AND GRAILEYS PLAINTIFFS' CONSOLIDATED RESPONSE IN SUPPORT OF THE MOTION TO TRANSFER REQUESTING CENTRALIZATION IN THE NORTHERN DISTRICT OF ILLINOIS**

Plaintiffs Salum Restaurant LTD; Frosch Holdco, Inc.; Frosch International Travel, LLC; FT Travel, Inc.; and, Graileys, Inc. (collectively "Undersigned Plaintiffs"), as related actions to the motion to transfer respectfully file this response in support of the motion to transfer and centralization in the Northern District of Illinois. Certain Plaintiffs support the request for creation of a Multidistrict Litigation centralizing business interruption insureds' claims seeking coverage for COVID-19-related losses. However, rather than requesting centralization in the Eastern District of Pennsylvania as proposed in the original Motion [Doc. 1], the Undersigned Plaintiffs join the subsequent request, by moving plaintiffs in five federal actions seeking business interruption insurance coverage, that these cases be transferred to Judge Matthew F. Kennelly, in the Northern District of Illinois. *See* [Doc. 4].

**ARGUMENT AND AUTHORITIES**

1. **Common Issues of Law and Fact Support Centralization**

The cases filed by Undersigned Plaintiffs provide additional examples illustrating why creation of an MDL to efficiently centralize COVID-19 business interruption litigation will fulfill the objective of the Multidistrict litigation statute, 28 U.S.C. § 1407. Multidistrict litigation of pretrial proceedings is appropriate where, as here, civil actions involve common questions and

centralization will be for the convenience of parties and witnesses, and will promote the just and efficient conduct of the actions. *See id*.

In their motion and brief in support, Plaintiffs Christie Jo Berkseth-Rojas DDS *et al*. quote declarations by insurers Hartford and Travelers, illustrating these defendants' sweeping intent to deny business interruption coverage arising from the current pandemic. [Doc. 4-1, Page 3 of 17]. Likewise, the Undersigned Plaintiffs' business interruption insurance coverage cases are subject to the same stated positions of the insurers to the effect that these companies will not honor their contractual obligations to cover business losses arising from COVID-19.[1] These Defendants have therefore announced a common defensive tactic, and have exhibited their intent to proceed lockstep in refusing to pay the claims of insureds, whose premiums they have enjoyed.

## 2. The Honorable Matthew F. Kennelly has the experience and capacity to handle a centralized action.

The Undersigned Plaintiffs, while acknowledging the excellence of all proposed jurists, join in requesting that the Honorable Matthew F. Kennelly, United States District Court Judge, Northern District of Illinois, be appointed as the transferee court in MDL No. 2942. At least thirteen related cases are pending in the Northern District of Illinois at this time.[2]

This Panel has previously recognized both the convenience of the Northern District of Illinois, and the nonpareil suitability of Judge Matthew F. Kennelly as a shepherd of complex consolidated litigation:

---

[1] *See Salum Restaurant Ltd v. The Travelers Indemnity Company,* No. 3:20-cv-01034-L (N.D. Tex.) (Travelers denied coverage); *Frosch Holco, Inc. et al. v. The Travelers Indemnity Company et al.,* No. 4:20-cv-01478 (S.D. Tex.) (same); *Graileys, Inc. v. The Hartford Fire Insurance Company et al.,* No. 3:20-cv-1181 (N.D. Tex.) (Hartford affiliate).

[2] No. 1:20-cv-02005; No. 1:20-cv-02068; No. 1:20-cv-02160; No. 1:20-cv-02403; No. 1:20-cv-02546; No. 1:20-cv-02641; No. 1:20-cv-02690; No. 1:20-cv-02759; No. 1:20-cv-02806; No. 1:20-cv-02895; No. 1:20-cv-03142; No. 1:20-cv-03169; No. 1:20-cv-03251.

> The Northern District of Illinois is an appropriate transferee forum for this litigation. This district provides a convenient and accessible forum for this litigation in which actions have been filed throughout the country regarding a product marketed nationwide. Judge Matthew F. Kennelly [is] an experienced MDL jurist . . .

*In re: Watson Fentanyl Patch Prod. Liab. Litig.*, 883 F. Supp. 2d 1350, 1352 (U.S. Jud. Pan. Mult. Lit. 2012).

A year earlier, the Panel had determined that, "the Northern District of Illinois has several attributes which recommend it above the others," in *In re Navistar 6.0 L Diesel Engine Prod. Liab. Litig.*, 777 F. Supp. 2d 1347, 1348 (U.S. Jud. Pan. Mult. Lit. 2011). There, too, Judge Matthew F. Kennelly was recognized as an effective manager of the litigation. *Id*.

In *In re: Text Messaging Antitrust Litig.,* the Panel similarly recognized that, "Judge Matthew F. Kennelly has the time and experience to steer this docket on a prudent course." 588 F. Supp. 2d 1372, 1373 (U.S. Jud. Pan. Mult. Lit. 2008). *See also In re: AndroGel Prod. Liab. Litig.,* 24 F. Supp. 3d 1378, 1380 (U.S. Jud. Pan. Mult. Lit. 2014) (recognizing Judge Matthew F. Kennelly as "an experienced MDL jurist"); *In re McDonald's Corp. Promotional Games Litig.*, 192 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (transferring to the Honorable Matthew F. Kennelly).

In numerous other decisions transferring cases to a Multidistrict Litigation, the Panel has explained that the Northern District of Illinois facilitates the goals of convenience and centralization. This District "is a geographically central and accessible forum." *In re Delta Dental Antitrust Litig.*, No. MDL 2931, 2020 WL 1503254, at *2 (U.S. Jud. Pan. Mult. Lit. Mar. 27, 2020). *See also, e.g., In re Fairlife Milk Prod. Mktg. & Sales Practices Litig.*, 396 F. Supp. 3d 1370, 1371 (U.S. Jud. Pan. Mult. Lit. 2019) (centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses); *In re: AIG Workers Comp. Ins. Policyholder Litig.*, 11 F. Supp. 3d 1349, 1350 (U.S. Jud. Pan. Mult. Lit. 2014) ("The Northern District of Illinois is a centrally located and convenient forum."); *In re McDonald's French Fries Litig.*, 444 F. Supp. 2d

1342, 1343 (J.P.M.L. 2006) ("the Northern District of Illinois offers a relatively geographically central and accessible forum"), adhered to, 545 F. Supp. 2d 1356 (U.S. Jud. Pan. Mult. Lit. 2008); *In re Am. Online, Inc.*, 162 F. Supp. 2d 690, 691 (J.P.M.L. 2001) (noting that "the geographically central district will be a convenient location for a litigation already nationwide in scope"). The original movants, by contrast, have not made a compelling case for why Pennsylvania would constitute a superior site for centralization of federal litigation.[3]

## CONCLUSION

Accordingly, the Undersigned Plaintiffs respectfully request that this Court grant the motion of Christie Jo Berkseth-Rojas DDS *et al*. and consolidate the COVID-19 business interruption protection insurance litigation for pretrial proceedings in the Northern District of Illinois, before Judge Matthew F. Kennelly, pursuant to 28 U.S.C. § 1407.

DATED: June 5, 2020

Respectfully submitted,

*/s/ Matthew McCarley*
**MATTHEW MCCARLEY**
Texas State Bar No. 24041426
mmccarley@fnlawfirm.com
**N. MAJED NACHAWATI**
Texas State Bar No. 24038319
mn@fnlawfirm.com
**S. ANN SAUCER**
Texas State Bar No. 00797885
asaucer@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Rd.
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

*Counsel for Plaintiffs*

---

[3] The original Movants cite *inter alia* web articles on Philadelphia's "vibrant restaurant scene" in support of their request that the *In re COVID-19 Business Interruption Insurance Coverage Litigation* Multidistrict Litigation be located in the Eastern District of Pennsylvania. Pls. Mot. for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407, p. 6 & n.10 [Doc. 1-1, Page 6 of 13].