**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: COVID-19 BUSINESS | ) | |
| INTERRUPTION PROTECTION | ) | MDL No. 2942 |
| INSURANCE LITIGATION | ) | |

This document relates to:

*Studio 417, Inc. et al. v. The Cincinnati Insurance Company*, 6:20-cv-03127 (W.D. Mo.)

**RESPONSE OF INTERESTED PARTIES STUDIO 417, INC, GRAND STREET DINING, LLC, GSD LENEXA, LLC, TREZOMARE OPERATING COMPANY, LLC, AND V'S RESTAURANT, INC. TO MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION AND REQUEST FOR TRANSFER OF RELATED ACTIONS TO THE WESTERN DISTRICT OF MISSOURI**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), Plaintiffs Studio 417, Inc., Grand Street Dining, LLC, GSD Lenexa, LLC, Trezomare Operating Company, LLC, and V's Restaurant, Inc. ("Studio 417 Plaintiffs") respectfully submit this response to the Transfer Motions previously filed. (*See* Dkt. Nos. 1, 4).

For the reasons articulated in the Transfer Motions (which are incorporated here), the Studio 417 Plaintiffs submit the various business interruption insurance lawsuits should be coordinated and consolidated in one Court pursuant 28 U.S.C. § 1407. That Court should be the United States District Court for the Western District of Missouri, where nine cases are currently pending.[1]

---

[1] *Studio 417 Inc. et al. v. The Cintinnati Insurance Company* (Case no. 6:20-cv-03127); *Zwillo V. Corp. et al. v. Lexington Insurance Co.* (Case no. 4:20-cv-00339); *BBMS LLC et al. v. Continental Casualty Company* (Case no. 4:20-cv-00353); *Logan Bauer et al. v. AGA Service Company dba Allianz Global Assistance and Jefferson Insurance Company* (Case no. 6:20-cv-03138); *Blue Springs Dental Care, LLC, et al. v. Owners Insurance Company* (Case no. 4:20-cv-00383); *Club 31 Sports Bar & Lounge LLC et al. v. Mesa Underwriters Specialty Insurance Company* (Case no. 4:20-cv-00397); *Mark W. Ross et al. v. Arch Insurance Company* (Case no. 4:20-cv-00411); *Alissa's Flowers Inc. v. State Farm Fire And*

In the alternative, should the JPML decide to create more than one MDL, the Studio 417 Plaintiffs respectfully submit that (a) all cases naming The Cincinnati Insurance Company and/or its affiliates (collectively, "Cincinnati Insurance Co.") as a defendant should be consolidated into a single MDL *and/or* (b) all cases involving Missouri insured plaintiffs should be consolidated into a single MDL. Regardless of whether the JPML creates a single MDL of all cases in which Cincinnati Insurance Co. is a defendant and/or a single MDL of all Missouri insureds, the Western District of Missouri should be the location of the MDL.

## I.     ARGUMENT

### A.  Transfer to the Honorable Stephen R. Bough in the Western District of Missouri

The Studio 417 Plaintiffs seek transfer and assignment of all pending actions against those insurers who have denied coverage for business interruption due to the COVID-19 pandemic to the Honorable Stephen R. Bough of the United States District Court for the Western District of Missouri. There are multiple cases currently pending in the Western District of Missouri, including two cases before Judge Bough.[2] The Western District and Judge Bough, in particular, are well-positioned to address the procedural and organizational challenges of this multidistrict litigation. For the 2019 calendar year, the median time interval for disposition of civil cases between filing and termination was *seven months*.[3] That is below the national median of 9.9 months.[4] Further, Judge Bough is a well-respected jurist with a reputation for moving cases

---

*Casualty Co.* (Case no. 2:20-cv-04093); *K.C. Hopps Ltd. v. The Cincinnati Insurance Company Inc.* (Case no. 4:20-cv-00437).

[2] *Studio 417 Inc. et al. v. The Cintinnati Insurance Company* (Case no. 6:20-cv-03127); *Blue Springs Dental Care, LLC, et al. v. Owners Insurance Company* (Case no. 4:20-cv-00383).

[3] *See* https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2019/12/31

[4] *Id.*

efficiently and, despite being on the federal bench for over 5 years, has not yet been assigned an MDL. The Western District of Missouri would be an ideal forum for the just and efficient conduct of this litigation.

Moreover, the Western District of Missouri is ideally situated geographically to manage this nationwide litigation. As the JPML has previously recognized, although modern day air travel makes any judicial district accessible, a central forum in coast-to-coast litigation should be given weight. *See In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prod. Liab. Litig.*, 316 F. Supp. 3d 1380, 1381 (J.P.M.L. 2018) ("We find that the Southern District of Ohio is an appropriate transferee district. It is centrally located geographically, making it a convenient forum for this nationwide litigation.") The Western District of Missouri would be an ideal venue for all parties involved.

### B. Alternative Request to Transfer all Actions Against Cincinnati Insurance Company to the Honorable Stephen R. Bough

As other interested parties have pointed out, there are multiple insurer defendants in the business interruption insurance litigation. Several interested parties—including Cincinnati Insurance Co. (Dkt. No. 398)—argue against consolidation of all cases against *all* insurance defendants. They contend total consolidation would be fundamentally unfair and inefficient because the various insurance defendants crafted different insurance policies containing different policy language. These interested parties argue that some of the differences in policy language may be dispositive on the question of whether coverage exists. For example, while Cincinnati Insurance Co.'s policies lack a "virus exclusion" as alleged by the Studio 417 Plaintiffs,[5] the Cumberland Mutual Fire Insurance Company's policies contain a "virus exclusion."[6] The insurer

---

[5] *See* Studio 417 Plaintiffs' Amended Complaint at ¶13 (attached as **Exhibit A**).

[6] *See Cumberland Mutual Fire Insurance Company,* JPML No. 2942 at Dkt. No. 353 at 3.

defendants' position is that because each insurer's policies contain differing and perhaps conflicting language, each insurer defendant should face litigation against that individual insurer alone.

If the JPML is swayed by that argument, there is a logical fix: The JPML can create separate MDLs for each insurer defendant. In the event the JPML limits consolidation to cases involving the *same* insurer defendants, the Studio 417 Plaintiffs submit that all actions pertaining to the Cincinnati Insurance Co. should be transferred to the Honorable Stephen R. Bough. There are currently at least two actions[7] on file in the Western District of Missouri against Cincinnati Insurance Co., including one pending before Judge Bough.[8] And Cincinnati Insurance Co. is no stranger to Missouri, as it has actively written policies in Missouri since 1982.[9]

For these reasons, and giving weight to the argument made by Cincinnati Insurance Co. and other interested parties, the Studio 417 Plaintiffs respectfully submit that the JPML coordinate all litigation against Cincinnati Insurance Co. in a single MDL before Judge Bough in the Western District of Missouri.

## C. Alternative Request to Transfer all Actions Brought by Missouri Insureds to the Honorable Stephen R. Bough

A central argument made by the interested parties who are insurer defendants is that consolidation of all cases into a single MDL would be inefficient because the MDL court would have to apply the insurance law of 50 different states. The argument goes that the "legal issues

---

[7] *See Studio 417, Inc. v. The Cincinnati Insurance Company*, 6:20-cv-03127 (W.D. Mo.)*; K.C. Hopps Ltd. v. The Cincinnati Insurance Company*, 6:20-cv-0437 (W.D. Mo.).

[8] See *Studio 417, Inc. v. The Cincinnati Insurance Company*, 6:20-cv-03127 (W.D. Mo.).

[9] https://insurance.mo.gov/CompanyAgentSearch/CompanySearch/compSearchDetails.php?id=125756&t =CM&n=CINCINNATI+INSURANCE+COMPANY+THE&c=

presented…—the interpretation of insurance contracts—are governed by state law, making them particularly unsuitable for transfer and centralization."[10]

This concern—assuming the JPML finds it valid—can be easily addressed by the creation of state MDLs. That is, the JPML could create an MDL for each state that is limited to the claims of insured plaintiffs in that state.[11] For example, the Studio 417 Plaintiffs' case would be part of a Missouri MDL along with the claims asserted by all other Missouri insured plaintiffs. For the reasons discussed above, the Studio 417 Plaintiffs respectfully submit that if the JPML creates a Missouri MDL, it should be assigned to Judge Bough in the Western District of Missouri.

## II.     <u>CONCLUSION</u>

For the above-stated reasons, the Studio 417 Plaintiffs respectfully request that the JPML transfer all related actions and subsequently filed tag-along cases for coordinated or consolidated pretrial proceedings before the Honorable Stephen R. Bough in the United States District Court for the Western District of Missouri.  Alternatively, the Studio 417 Plaintiffs request transfer of all related actions and tag-along cases against Cincinnati Insurance Company to the Honorable Stephen R. Bough and/or all related actions and tag-along cases brought by Missouri insured plaintiffs to the Honorable Stephen R. Bough.

Dated: June 5, 2020                                      Respectfully submitted,

                                                        BOULWARE LAW LLC

                                                        /s/ *Brandon J.B. Boulware*
                                                        Brandon J.B. Boulware        MO # 54150
                                                        1600 Genessee Street, Suite 416
                                                        Kansas City, MO 64102
                                                        Tele:   (816) 492-2826
                                                        Fax:    (816) 492-2826

---

[10] *Society Insurance Company,* JPML No. 2942 at Dkt. No. 371 at 6.

[11] A variation of this would be the creation of regional MDLs that cover more than one state.

brandon@boulware-law.com

VOTAVA NANTZ & JOHNSON, LLC

BY:  */s/ Todd Johnson*
TODD JOHNSON                    MO #48824
9237 Ward Parkway, Suite 240
Kansas City, MO 64114
Tele:   (816) 895-8800
Fax:    (816) 895-8801
tjohnson@vnjlaw.com

WAGSTAFF & CARTMELL LLP

 */s/ Thomas P. Cartmell*
Thomas P. Cartmell            MO # 45366
Thomas A. Rottinghaus         MO # 50106
Tyler W. Hudson               MO # 53585
Jack T. Hyde                  MO # 63903
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tele:   (816) 701-1100
Fax:    (816) 531-2372
tcartmell@wcllp.com
trottinghaus@wcllp.com
thudson@wcllp.com
jhyde@wcllp.com

***Counsel for Studio 417, Inc., Grand Street Dining, LLC, GSD Lenexa, LLC, Trezomare Operating Company, LLC, and V's Restaurant, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of June 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Brandon J.B. Boulware*
**Counsel for Studio 417, Inc., Grand Street Dining, LLC, GSD Lenexa, LLC, Trezomare Operating Company, LLC, and V's Restaurant, Inc.**