**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: | ) | MDL NO. 2942 |
| COVID-19 BUSINESS INTERRUPTION | ) | |
| INSURANCE COVERAGE LITIGATION | ) | |

**EVANSTON INSURANCE COMPANY'S INTERESTED PARTY RESPONSE IN OPPOSITION TO MOTIONS FOR TRANSFER AND COORDINATION OR CONSOLIDATION**

Pursuant to Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Evanston Insurance Company ("Evanston"), as an interested party, opposes Plaintiffs' Motion for Consolidation and Transfer under 28 U.S.C. § 1407 ("Initial Transfer Motion") (Dkt. No. 1) and Plaintiffs' Subsequent Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Second Transfer Motion") (Dkt. No. 4) (collectively, "Transfer Motions").

**GROUNDS FOR OPPOSITION**

Evanston opposes the Transfer Motions for the same reasons set forth in the oppositions filed by Westchester Surplus Lines Insurance Company (and other affiliated insurers) (Dkt. 376) and Liberty Mutual Insurance Company (and affiliates) (Dkt. 382). Considering the Panel's instruction that parties consolidate their briefing to the extent possible (Dkt. 156) and in the interest of judicial economy, Evanston will not repeat the arguments set forth in those briefs and, instead, adopts and incorporates them by reference. In addition, as set out below, circumstances particular to Evanston highlight why an industry-wide MDL encompassing all COVID-19 insurance coverage actions, as sought by Plaintiffs, should not be established.

## **BACKGROUND**

Evanston Insurance Company ("Evanston") is a defendant in the action styled *L & L Logistics & Warehousing Inc. d/b/a L & L Trucking v. Evanston Insurance Company, et al.*, Civil Action No. 3:20-cv-00324-REP, currently pending in the United States District Court for the Eastern District of Virginia, Richmond Division (the "L&L Trucking Action"). The L&L Trucking Action was filed May 6, 2020, and identified in a Notice of Related Actions filed in these proceedings on May 11, 2020. (Dkt. 177).

Evanston filed a Rule 12(b)(6) Motion to Dismiss the L&L Trucking Action in the Eastern District of Virginia on June 4, 2020. As set forth in the Motion to Dismiss, Evanston does not owe business income, extra expense, or civil authority coverage under the Evanston policies at issue in the L&L Trucking Action for two separate and independent reasons that present issues of law. First, L&L's claim as stated did not present direct physical loss or damage to any premises or property, which is required to potentially trigger the business income, extra expense, or civil authority coverage of the Evanston policies. In addition, distinct from many claimants in other COVID-19 business income coverage suits, L&L Trucking is in the essential transportation sector and was not subject to a state issued shut-down order; as a result, access to L&L's premises was never prohibited by an order of a civil authority. Second, in any event, the Evanston policies contain two exclusions (a virus exclusion and an organic pathogens exclusion), both of which bar coverage under their specific terms for loss caused by a virus. Under the Local Rules for the Eastern District of Virginia, all briefing on Evanston's Motion to Dismiss will be concluded by June 24, 2020, and the Motion will be ripe for disposition on that date.

## **CIRCUMSTANCES PARTICULAR TO EVANSTON DEMONSTRATE WHY THE TRANSFER MOTIONS SHOULD BE DENIED**

The MDL remedy is appropriate only where (1) the actions sought to be consolidated through the MDL share sufficient common questions of fact, (2) transfer would be for the convenience of the parties and witnesses, and (3) transfer would advance the just and efficient conduct of the actions. 28 U.S.C. § 1407(a); *In re Highway Accident Near Rockville, Connecticut, on Dec. 30, 1972*, 388 F. Supp. 574, 575 (J.P.M.L. 1975) ("Before transfer will be ordered, the Panel must be satisfied that all of the statutory criteria have been met."); *see also Manual for Complex Litigation* § 20.131 (4th ed. 2004) ("The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts."). Circumstances particular to Evanston demonstrate why these elements are not satisfied with respect to an industry-wide MDL encompassing all COVID-19 insurance coverage actions.

**1.      The Actions Do Not Share Sufficient Common Questions of Fact.**

The insurance policies issued by Evanston to L&L Trucking that are the subject of the L&L Trucking Action contain both a virus exclusion and an organic pathogens exclusion. The virus exclusion states that Evanston "will not pay for loss or damage caused by or resulting from any virus … or other microorganism that induces or is capable of inducing physical distress, illness or disease …." Likewise, the organic pathogens exclusion states that "regardless of any other cause or event that contributes concurrently or in any sequence to the loss," Evanston "will not pay for loss or damage caused directly or indirectly by … Presence, growth, proliferation, spread or any activity of 'organic pathogens,'" which term is defined as "[a]ny organic irritant or contaminant including, but not limited to … virus or other microorganism of any type, and their by-products."

The Evanston policies are factually unique in that they contain the virus exclusion and the organic pathogens exclusion, while many of the COVID-19 coverage disputes that would be included in the proposed MDL involve insurance policies that do not contain exclusions applicable to viruses at all. Moreover, the policy terms and exclusions included in the insurance policies issued by the many insurers who are sought to be included in the MDL materially differ in many respects – including the insuring language itself, the existence of certain exclusions, and particular language of those exclusions. The pending COVID-19 insurance coverage actions therefore do not share sufficient common questions of fact.

Sufficient common questions of fact to justify transfer into an MDL are also lacking because each policyholder pursuing coverage for COVID-19 related business income losses is uniquely situated in terms of how COVID-19 and the resulting shutdown and other state orders impacted them, and those unique facts dictate the determination of coverage under the insurance policy. For example, the Complaint in the L&L Trucking Action is clear that L&L is a trucking company within the essential transportation sector and was not subject to a state issued shut-down order (such that access to L&L's premises was never prohibited by an order of a civil authority).

Finally, in many cases, the COVID-19 insurance coverage matters present legal, not factual issues, as evidenced by Evanston's pending Rule 12(b)(6) Motion to Dismiss filed in the L&L Trucking Action. These actions would not benefit from whatever efficiency the MDL might bring in the context of cases sharing common questions of fact.

**2. Transfer Would Not Promote The Just And Efficient Conduct Of The Actions**

As mentioned, Evanston's Rule 12(b)(6) Motion to Dismiss in the L&L Trucking Action is pending and will be ripe for disposition as of June 24, 2020. The Eastern District of Virginia – often referred to as the "rocket docket" – has a widely-known and well-earned reputation for promptly and effectively resolving cases on its docket. Many other insurers in the COVID-19 insurance coverage actions have also filed dispositive motions. It would not be more just or efficient to Evanston (or any of the other insurers) to transfer the coverage actions into an MDL, when the actions can be more efficiently resolved where they are currently pending, especially where dispositive motions have been filed that will likely resolve the purely legal issues presented. In fact, in this context, an MDL would increase litigation cost to Evanston (and other insurers) and L&L (and other policyholders), and would vastly increase the time and effort of the parties, the attorneys, the witnesses, and the courts.

## CONCLUSION

For the reasons stated above, Evanston respectfully asks the Panel to deny the Transfer Motions.

                                           **Respectfully submitted,**

                                           **EVANSTON INSURANCE COMPANY**
                                           **BY:** /s/ John B. Mumford, Jr.
                                                             **Counsel**

John B. Mumford, Jr. (VSB No.: 38764)
Lindsay L. Rollins (VSB.: 86362)
Hancock, Daniel, & Johnson P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
lrollins@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile:  (804) 967-9888
*Counsel for Evanston Insurance Company*