**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | MDL No. 2942 |

**INTERESTED PARTY FCCI INSURANCE COMPANY'S JOINDER WITH WESTCHESTER SURPLUS LINES INSURANCE COMPANY/INDEMNITY INSURANCE COMPANY OF NORTH AMERICA AND WITH AUTO-OWNERS INSURANCE COMPANY/OWNERS INSURANCE COMPANY IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

FCCI Insurance Company ("FCCI") joins Interested Parties, Westchester Surplus Lines Insurance Company and Indemnity Insurance Company of North America and Auto-Owners Insurance Company and Owners Insurance Company in opposing certain Plaintiffs' motions for an unprecedented centralization of first-party insurance coverage disputes before a single judge, who would have the unenviable and herculean burden of making *Erie* predictions as to the law of every state in the country and, in turn, deciding a relatively untested area of insurance jurisprudence in the aftermath of a global pandemic. *See* ECF #376, 415. Some Plaintiffs agree on the sought-after nationwide centralization – but, some do not. *See, e.g.*, ECF #198. All interested party insurers disagree that centralization is desirable or warranted. Given the myriad alternatives available to, for example, a restauranteur plaintiff to minimize the purported inefficiency of having to litigate with its insurer in Texas, while a dentist has to litigate with another insurer in Washington, the extraordinary inconvenience, added expense, unavoidable delay, and manifest injustice to regional insurers like FCCI can be avoided entirely by allowing the parties to have their disputes in their local jurisdictions. *See In re: Shoulder Pain Pump-Chrondrolysis Prod. Liab. Litig.*, 571 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008) ("The proponents of centralization have not convinced us that the efficiencies that might be gained by centralization would not be overwhelmed by the multiple individualized issues (including ones of liability and causation) that these actions appear to present.").

The circumstances facing FCCI, which is named in just one federal lawsuit flowing from a COVID-19-related property coverage dispute, vary greatly from those facing many of the other interested party insurers. *See LDWB #2 LLC v. FCCI Ins. Co.*, No. 20-cv-425-LY (W.D. Tex.). More specifically, the following factors particular to FCCI, though some other insurers are similarly situated, reveal why the variance between the insurers' respective circumstances outweighs any "superficial factual commonality" they may arguably share. *See In re Florida, Puerto Rico, and U.S. Virgin Islands 2016 and 2017 Hurricane Seasons Flood Claims Litig.*, 325 F. Supp. 3d 1367, 1368 (J.P.M.L. 2018).

- FCCI writes business in 19 states and does not sell any insurance west of Texas. https://www.fcci-group.com/en/about-us/the-fcci-story.html. By contrast, many of the insurers Plaintiffs wish to make part of the MDL, such as Travelers and Liberty Mutual, write insurance on a nationwide basis. They and their subsidiaries, affiliates, or underwriting companies have been sued many more times than FCCI for COVID-19-related property coverage. Pulling FCCI, with only one lawsuit, into an MDL with much larger carriers would greatly prejudice it, as other carriers would undoubtedly have different levels of interest and exposure than FCCI necessarily would. Other regional carriers, including Auto-Owners, are similarly situated.

- FCCI's policy contains a Virus Exclusion that should be dispositive of its COVID-19-related business interruption coverage litigation. Other insurers, such as Society Insurance and the London Market Insurers, do not have a Virus Exclusion in their policies. FCCI's alleged liability should be resolved on the pleadings, alone, as the Virus Exclusion presents a pure question of law. *See In re: Chinese–Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, Transfer Order, at 2 (J.P.M.L. June 15, 2010) (noting that Section 1407 disfavors centralization of cases based solely on the similarity of legal issues). There should be no need for extensive, let alone any, discovery in FCCI's litigation. Hence, forcing FCCI to participate in an all-

encompassing MDL would only serve to unnecessarily delay resolution of its dispute with its policyholder. The other carriers with Virus Exclusions are similarly situated. In that vein, Plaintiffs vastly overrate the value of discovery in disputes, such as FCCI's litigation, which should not require discovery to decide the application of a virus exclusion to a claim of loss that is the product of a novel virus and Austin, Texas' response to that virus.

- FCCI is not facing a claim of bad faith claim handling in its sole federal lawsuit. FCCI should not have to wait for a prompt ruling on the declaratory relief action it does face while other insurers, who have been sued for extracontractual relief, are engaged in prolonged, contentious discovery disputes about the propriety of their handling of their policyholders' claims.

- Likewise, FCCI is not facing a class action lawsuit. FCCI should not have to wait for a prompt ruling on the declaratory relief action it does face while other insurers who face class certification motions, are engaged in lengthy and involved motion practice about who may be among those allowed to sue them for relief.

As well articulated by Westchester Surplus Lines Insurance Company/Indemnity Insurance Company of North America and Auto-Owners Insurance Company/Owners Insurance Company, there is no monolithic "insurance industry" – in fact, there is little commonality among the carriers, all of whom directly compete with one another in the marketplace on the basis of differentiated, underwriting, policy wording, and claim handling. *See In re: Watson Fentanyl Patch Prod. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) (expressing reluctance to centralize against business competitors given the complications likely to arise). Considering that alongside the individual circumstances of each policyholder who has sued its insurer, the MDL would do more harm than good. These cases should be decided by the district courts where the lawsuits were initiated, which would save all involved immense time and resources. Plaintiffs' Motions should, therefore, be denied.

DATE:  <u>June 5, 2020</u>         By: <u>/s/ Jonathan L. Schwartz</u>
                                         Attorney for FCCI Insurance Company

Jonathan L. Schwartz (ARDC #6287338)
Goldberg Segalla LLP
**Mailing Address:** P.O. Box 957, Buffalo, NY 14201
**Physical Address:** 222 W. Adams St., Suite 2250, Chicago, IL 60606
(312) 572-8411
jschwartz@goldbergsegalla.com