BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: COVID-19 BUSINESS
INTERRUPTION PROTECTION      MDL No. 2942
INSURANCE LITIGATION
_____/

**INTERESTED PARTIES' RESPONSE IN SUPPORT OF MOTION TO
TRANSFER ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs, GV KB Store LLC and GV SiestaKey LLC[1] and Plaintiff Sun Cuisine, LLC[2], (hereinafter, "Respondents"), each an interested party in this action (*see*, ECF No. 86), pursuant to Rules 6.1(c) and 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, jointly respond in support of the motions to transfer the Related Actions (ECF No. 1, 4, 9).

At this stage, Respondents concur with the pending motions that centralization under 28 U.S.C. § 1407 is appropriate and prudent[3], due to the common questions of law and fact presented by the Related Actions. These common questions of law and fact include, but are not limited to:

- The fact that all the businesses purchased business interruption coverage;
- The fact that all insurers are uniformly denying the business interruption claims;
- The legal issue of whether business interruption coverage exists for damages resulting from civil authority closures;
- The legal interpretation of standard form insurance policies under substantially similar state laws;

---

[1] *See* GV KB Store LLC et al v. Scottsdale Insurance Co., No. 1:20-CV-21815 (S.D. Fla).

[2] *See* Sun Cuisine LLC v. Certain Underwriter Lloyds of London, No. 1:20-cv-21827 (S.D. Fla.).

[3] Respondents reserve their right to oppose transfer and consolidation or the proper forum for coordination prior to the Panel's Hearing, pending the nature of any additional "tag-along" cases or a change in circumstances.

- Whether the insured businesses suffered direct physical loss or damage; and

- Whether the insurers' standard form virus exclusions preclude coverage.

Any case management concerns expressed by the insurers or plaintiffs in opposition can be addressed either by the Panel or the transferee Judge by creating separate MDL actions or separate tracks for each insurer.

Respondents agree with the El Novillo plaintiffs (*see* ECF No. 9), and support the Southern District of Florida as the most appropriate venue based on the Panel's typical considerations including the location of the primary witnesses and documents; the relative accessibility of the district for nationwide litigation; the number of related cases pending, and the experience of the transferee judge. *See, e.g., In re Mirena IUD Prod. Liab. Litig.*, 938 F. Supp. 2d 1355, 1358 (J.P.M.L. 2013). Here, with multiple insurance company defendants spread throughout the country, there is no central location of witnesses and documents and thus this factor does not weigh in favor of any potential transferee district.

South Florida is an easily accessible venue for the parties and other witnesses. Parties and their counsel in the Related Actions reside across the country and the Miami International Airport is a major domestic and international hub with daily flights from all over the country and the world.[4] Currently, there are eight Related Actions pending in the Southern District of Florida and, given the number of restaurants in South Florida and the fact that the hospitality industry has been one of, if not the hardest hit, industry during this crisis, there will likely be additional Related Actions forthcoming in the District. Finally, the courts in the Southern District of Florida have the experience and resources necessary to manage a nationwide MDL efficiently and effectively. Any

---

[4] In addition, there are easily accessible airports in Ft. Lauderdale and West Palm Beach both within an hour's drive of Miami.

1287781

of the Judges currently presiding over one of the Related Actions would be amply qualified to handle the consolidated matter.

For the reasons set forth above, and in the El Novillo plaintiffs' Response in Partial Support of the Motion for Transfer, (ECF No. 9), Respondents respectfully request that the Related Actions are centralized pursuant to 28 U.S.C. § 1407 and transferred to the Southern District of Florida.

Respectfully submitted: June 5, 2020.

>By: /s/ *Harley S. Tropin*
> Harley S. Tropin, Esq.
> Florida Bar No. 241253
> hst@kttlaw.com
> Benjamin Widlanski, Esq.
> Florida Bar No. 1010644
> bwidlanski@kttlaw.com
> Gail A. McQuilkin, Esq.
> Florida Bar No. 969338
> gam@kttlaw.com
> Javier A. Lopez, Esq.
> Florida Bar No. 16727
> jal@kttlaw.com
> Robert Neary, Esq.
> Florida Bar No. 81712
> rn@kttlaw.com
> **KOZYAK TROPIN & THROCKMORTON LLP**
> 2525 Ponce de Leon Blvd., 9th Floor
> Coral Gables, FL 33134
> Tel: (305) 372-1800 /Fax: (305) 372-3508
> *Counsel for GV KB Store LLC, Siestakey LLC, and Sun Cuisine LLC*