BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: COVID-19 BUSINESS INTERRUPTION
PROTECTION INSURANCE LITIGATION

MDL No. 2942

**Joinder Of Interested Parties Farmers Insurance Group Inc., Farmers Insurance Company, Inc., and Truck Insurance Exchange In Opposition To Plaintiffs' Motions for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407**

Interested Parties Farmers Insurance Group Inc., Farmers Insurance Company, Inc., and Truck Insurance Exchange (collectively, "Farmers")[1] respectfully join in part in the memorandum of Interested Parties Westchester Surplus Lines Insurance Company ("Westchester") and Indemnity Insurance Company of North America ("IINA") (Dkt. No. 376) (the "Westchester and IINA Memorandum of Law") in opposition to Plaintiffs' Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (Dkt. No. 1) and Subsequent Motion for Transfer of Actions Under 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (Dkt. No. 4), and all papers filed in support or partial support of those motions (Dkt. Nos. 9, 19, 169, 184, 189) (collectively, the "Motions"). *See* MDL Dkt. No. 376 & Case No. NJ/ 2:30-cv-05536, Dkt. No. 10, Filed 06/03/20).

Specifically, Farmers joins in section III – the "Argument" section – of the Westchester and IINA Memorandum of Law. *Id*. The Westchester and IINA Memorandum explains in

---

[1] Farmers Insurance Exchange, Fire Insurance Exchange, and Truck Insurance Exchange (collectively, the "Exchanges") are each a reciprocal or inter-insurance exchange owned by their respective policyholders. Farmers Insurance Company, Inc. is owned in varying degrees by Farmers Insurance Exchange (90%) and Fire Insurance Exchange (10%). As attorney-in-fact for Farmers Insurance Exchange, Farmers Group, Inc., directly or indirectly through its wholly owned subsidiaries, is responsible for providing certain non-claims related services to the Exchanges, but has no ownership interest in them. Farmers Group, Inc. is a wholly owned direct and indirect subsidiary of Zurich Insurance Group Ltd., f/k/a Zurich Financial Services Ltd., which is publicly traded on the Swiss Stock Exchange.

compelling fashion why an MDL is inappropriate here.  Farmers respectfully requests that the Panel deny the Motions.

Farmers is party only to a single action that has been identified for potential transfer: *Kingray d/b/a La Quinta Beer Hunter, Individually and on Behalf of All Others Similarly Situated vs. Farmers Group, Inc., Farmers Insurance Company, Inc. and Truck Insurance Exchange*, Case No. 5:20-cv-00963 (C.D. Cal.) ("Kingray").  See Dkt. No. 58, identifying *Kingray* as a related action).  *Kingray* involves a claim by a sports bar and grill located in Riverside County, California, which seeks recovery for business income losses allegedly suffered due to measures limiting its operations purportedly due to Covid-19 related orders and mandates issued by the State of California and local authorities.  *Kingray* attempts to assert claims on behalf of a class of all individuals and entities that have business income loss coverage under a property insurance policy and "have suffered losses due to measures put in place by" any Covid-19 order.

Farmers, or a Farmers' company, also is party to three additional Covid-19 related cases pending in federal court that have not been tagged for transfer.  These cases are:

*Pappy's Barber Shop, Inc. and Pappy's Barber Shop Poway, Inc., Individually and [on] Behalf of All Others Similarly Situated v. Farmers Group Inc., Farmers Insurance Group, Inc., and Truck Insurance Exchange*, Case No. 3:20-cv-00907-CAB-BLM (S.D. Cal.).

*Barbara Slusher d/b/a Sew Chick v. Mid-Century Insurance Company*, Case No. 5:20-cv-00607-FB (W.D. Tex.).

*Doug Coates and Marcia Hille, individually and on behalf of all others similarly situated v. Foremost Insurance Company*, Case No. 1:20-cv-00383-JTN-SJB (W.D. Mich.).

These three cases involve a San Diego barber shop (*Pappy's Barber Shop*), a San Antonio tailoring and alternations store (*Slusher*), and an Oregon vacation rental company (*Coates*). Along with *Kingray*, these cases against Farmers alone illustrate why an MDL would be so inappropriate here. These cases involve different businesses, different facts, different State laws, different Covid-19 related orders and actions by different State, County, and Municipal authorities, different coverage provisions, and even different types of coverage. The cases do not involve any common facts or common law. Nor would treating the cases together increase convenience or efficiency, as explained in the Westchester and IINA Memorandum. To the contrary, the opposite is true: creating a massive MDL proceeding that requires parties (including small business owner Plaintiffs) to litigate claims in a court far from their home or chosen forum likely would increase both the costs and the amount of time it will take to litigate these cases.

## **CONCLUSION**

For all of the foregoing reasons, the Panel should deny transfer of these Actions.

Dated: June 5, 2020

By: */s/ Michael M. Maddigan*
Michael M. Maddigan
Hogan Lovells US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone: (310) 785-4600
Fax: (310) 785-4601
michael.maddigan@hoganlovells.com
*Attorney for Defendants Farmers Group, Inc., Farmers Insurance Company, Inc., and Truck Insurance Exchange*