**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | )<br>)<br>)<br>)<br>) | MDL DOCKET NO. 2942 |

**PLAINTIFFS ROSCOE SAME LLC, BIG & LITTLE'S LAKEVIEW LLC, AND BIG & LITTLE'S EMPIRE LLC'S INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION TO TRANSFER RELATED ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs Roscoe Same LLC, Big & Little's Lakeview LLC, and Big & Little's Empire LLC (collectively, "Big & Little Plaintiffs") respectfully submit this interested party response in support of Plaintiffs' Subsequent Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (ECF 4).[1]

The Related Cases involve common facts and turn on the interpretation of substantively uniform and, in many cases, identical commercial property insurance policy language. As a result, Big & Little Plaintiffs agree that centralizing the Related Cases before a single court for coordinated or consolidated pretrial proceedings will prevent inconsistent pretrial rulings and conserve the resources of the parties, witnesses, and the judiciary. They also respectfully submit that the Eastern Division of the Northern District of Illinois' central geographic location and accessibility render it the best forum to host this MDL.

The arguments launched in opposition to centralization fail. The Panel frequently centralizes cases involving different defendants, claims, and state laws, so the fact that these distinctions are also present here does not weigh against centralization, as certain parties suggest.

---

[1] Big & Little Plaintiffs are the plaintiffs in *Roscoe Same, LLC, et al. v. Society Insurance*, No. 1:20-cv-02641 (N.D. Ill.).

Even if that were not the case, transferee courts have a number of pretrial techniques—such as separate motion tracks—at their disposal in the event issues are identified that need to be decided independently.

The Related Cases arise from unprecedented circumstances. Since the Judicial Panel on Multidistrict Litigation was established in 1968, the Panel has never been presented with a motion requesting transfer of Related Cases collectively seeking billions of dollars in damages relating to commercial property insurers' industry-wide denial of claims for business losses due to a pandemic and governments' responses thereto based on a singular interpretation of substantially uniform policy language. Centralizing the Related Cases will ensure the uniform interpretation of relevant policy language, eliminate inconsistent rulings regarding the same policy language that could erode the public's trust, and facilitate the fair and efficient resolution of insureds' claims for the tremendous losses they incurred as a result of the COVID-19 crisis. The MDL statute was passed for this very purpose. *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968) (The "[r]emedial aim of [28 U.S.C. § 1407] is to eliminate potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions.").

## I.   ARGUMENT

### A.  Transfer for Coordinated or Consolidated Pretrial Proceedings Is Appropriate

Transferring the Related Actions to a single forum for coordinated or consolidated pretrial proceedings to rule on the substantially uniform policy language at issue as applied to the COVID-19 crisis will prevent inconsistent pretrial rulings and be the most efficient course for the parties, witnesses, and the judiciary. The alternative course—concurrent litigation before more than 30 federal courts regarding substantially similar policy language—would be grossly inefficient and result in inconsistent rulings.

Opponents to centralization overstate the differences amongst the Related Cases. While more than 100 insurers are named as defendants in Related Cases, that number drops to around 30 when parent/subsidiary relationships are accounted for. Commercial property insurers rely heavily on policy language published by the Insurance Service Office (ISO). While language from all concerned polices is not available, a summary review of the complaints and attached exhibits in the Related Cases demonstrates that the policies in many cases contain substantially similar and often identical language with respect to business interruption losses and losses attributable to the actions of a civil authority.[2]  Those issues are the heart of the litigation.

A single judge interpreting such uniform policy language as it relates to the COVID-19 crises will provide substantial efficiencies and prevent inconsistent rulings. As is frequently the case when insurance coverage is in dispute, the Related Actions will turn largely on motions for summary judgment or other pretrial motions applying common facts to uniform policy language. These factors weigh strongly in favor of centralization. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2020 WL 581884, at *2 (J.P.M.L. Feb. 6, 2020) ("Moreover, most, if not all, actions will involve common pretrial motions, including motions for summary judgment. Centralization, therefore, will provide efficiencies and limit inconsistent rulings."); *In re Gold King Mine Release in San Juan City*, 291 F. Supp. 3d 1373, 1374 (J.P.M.L. 2018) (centralizing related cases for

---

[2] *See, e.g.,* Complaint, *SA Palm Beach LLC v. Certain Underwriters at Lloyd's London* ¶¶ 32, 35 (S.D. Fla.) (ECF 10-3) (CP 00 30 04 02); Complaint, *Roscoe Same LLC v. Society Ins.* at 22, 24–25 (N.D. Ill.) (ECF 107-3); Complaint, *Beniak Enter., Inc. v. Chubb, Ltd.* ¶¶ 38–39 (D.N.J.) (ECF 179-3) (CP 00 30 10 12); Complaint, *The Colby Rest. Grp., Inc. v. Utica Nat'l Ins. Grp.* ¶¶ 37, 40 (D.N.J.) (ECF 199-3) (CP 00 30 04 02) (Utica Nat'l Ins. Group) and ¶¶ 41–43 (Berkshire Hathaway) (BP 00 03 01 06); Complaint, *Starjem Rest. Corp. v. Liberty Mut. Ins.* ¶¶ 33, 36 (S.D.N.Y.) (ECF 199-5) (CP 00 30 10 12); Complaint, *3 Squares LLC v. The Cincinnati Ins. Co.* at 68–69, 111–12, 254–55, 302–03 (N.D. Ill.) (ECF 254-3) (contains ISO copyrighted language with permission); *N&S Rest. LLC v. Cumberland Mut. Fire Ins. Co.* at 15, 18 (D.N.J.) (ECF 353-2) (BP 00 03 07 13).

coordinated or consolidated pretrial proceedings to "avoid duplicative, complex discovery and other pretrial proceedings, and eliminate the potential for inconsistent rulings on sovereign immunity, government-contractor immunity, and other issues.").

The fact that certain policies omit one or more relevant policy provisions is no barrier to centralization. The Panel's guidance from the *In re Checking Account Overdraft Litigation* decision is instructive on this point:

> While there will be some unique questions of fact from bank-to-bank, these actions share sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket. Transfer to a single district under Section 1407 has the salutary effect of placing all related actions before one court which can formulate a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues; and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

> The MDL No. 2036 transferee court can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to efficiently manage this litigation. Opponents' concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the extent of coordination or consolidation of these actions to the discretion of the transferee judge.

626 F. Supp. 2d 1333, 1335–36 (J.P.M.L. 2009) (internal case citations omitted). Similar to the *Checking Account Overdraft* MDL, the Related Cases concern an industry-wide policy of the defendants—the singular interpretation of substantially uniform policy language in denying coverage for losses due to COVID-19 and governments' responses thereto. Should the need arise, the transferee court will have a number of pretrial techniques at its disposal—such as tracking— to fairly and efficiently interpret both policies containing all relevant provision and those omitting one or more such provision. *See In re Juul Labs, Inc. Mktg., Sales Practices, & Prod. Liab. Litig.*, 396 F. Supp. 3d 1366, 1367-68 (JPML 2019) ("the transferee judge can use separate tracks or other

appropriate pretrial techniques to accommodate any differences among the actions"); *In re Auto. Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349, 1351 (J.P.M.L. 2012) ("the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage pretrial proceedings efficiently.").

The fact that the Related Cases involve differing state laws is no barrier to centralization. The panel regularly centralizes related cases involving multiple states laws. *See, e.g., In re: M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F.Supp.2d 1363, 1364–65 (J.P.M.L. 2005) (rejecting argument that centralization was inappropriate because many of the actions were "dependent upon questions of different state laws"). Moreover, all district courts are qualified to interpret state law. The fact that the transferee court will be called upon to interpret the laws of states other than those in which it sits is no barrier to centralization.

A final set of plaintiffs opposes centralizing the related class and non-class cases for coordinated or consolidated pretrial proceedings because, in its view, doing so would slow their individual case down. Putting aside the speculative nature of this assertion, "[t]he Panel frequently centralizes dockets comprising both class actions and individual cases." *In re Juul Labs, Inc. Mktg., Sales Practices, & Prod. Liab. Litig.*, 396 F. Supp. 3d 1366, 1367-68 (J.P.M.L. 2019) (quoting *In re Aqueous Film-Forming Foam Prods. Liab. Litig.*, 357 F. Supp. 3d 1391 (J.P.M.L. 2018)). And "centralization is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties might experience inconvenience or delay." *In re Zostavax (Zoster Vaccine Live) Prod. Liab. Litig.*, 330 F. Supp. 3d 1378, 1380 (J.P.M.L. 2018) (citing *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012)).

**B.  The Eastern Division of the Northern District of Illinois Is the Most Appropriate Transferee Court**

Given the nature of COVID-19, it is safe to conclude that nobody wants to spend more time traveling than absolutely necessary. The Eastern Division of the Northern District of Illinois is located in Chicago, Illinois, which is close to the geographic center of the country. Chicago has two large airports (O'Hare International Airport and Midway International Airport) in close proximity to the city center and the federal courthouse. Because Chicago serves as a hub for many large airlines, such as United Airlines, American Airlines, and Southwest Airlines, direct flights to Chicago are readily available from many locations in the United States. The Eastern Division of the Northern District of Illinois' centrality and accessibility render it an ideal host of this MDL from a safety, convenience, and efficiency standpoint. *See, e.g.*, *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 408 F. Supp. 2d 1354, 1355 (J.P.M.L. 2005) (the Northern District of Illinois is a geographically central district that makes it a convenient location for litigation that is nationwide in scope); *In re Ocwen Fed. Bank FSB Mortg. Serv. Litig.*, 314 F. Supp. 2d 1376, 1377–79 (J.P.M.L. 2004) (same); *In re Aimster Copyright Litig.*, 177 F. Supp. 2d 1380, 1382 (J.P.M.L. 2001) (selecting the Northern District of Illinois for nationwide litigation where suggested transferee districts were on each coast); *In re Starlink Corp. Products Liability Litig.*, 152 F. Supp. 2d 1378, 1380–81 (J.P.M.L. 2001) (selecting the Northern District of Illinois as geographically convenient); *see also* Multidistrict Litigation Manual § 6:7 ("The advantages of a geographically central forum increase as the number of actions increase.").

The Honorable Matthew F. Kennelly presides over a number of Related Cases, has tremendous multidistrict litigation experience, and is eminently well qualified to preside over coordinated or consolidated centralized proceedings in this matter. The Honorable Edmond E. Chang likewise presides over Related Cases. While to Big & Little Plaintiffs' knowledge, Judge

Chang has not yet had the opportunity to serve as the transferee judge in a multidistrict litigation proceeding, he is an accomplished jurist with more than nine years of experience serving as a district judge and is well-qualified to preside over centralized proceedings in this matter.

## II.  CONCLUSION

For the foregoing reasons, Big & Little Plaintiffs respectfully submit that the Related Actions should be transferred to the Eastern Division of the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

Dated:  June 5, 2020

Respectfully submitted,

/s/ Ben Barnow

Ben Barnow
Erich P. Schork
Anthony L. Parkhill
Barnow and Associates, P.C.
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: (312) 621-2000
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
aparkhill@barnowlaw.com

*Counsel for Plaintiffs Roscoe Same LLC, Big & Little's Lakeview LLC, and Big & Little's Empire LLC*

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | ) ) ) ) ) | MDL DOCKET NO. 2942 |

**PROOF OF SERVICE**

In compliance with the Rule 4.1(a) of the Rules and Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on June 5, 2020, a copy of the foregoing document was electronically filed with the Court's CM/ECF system which sends a service copy to all registered parties via the Court's ECF filing system.

Respectfully submitted,

/s/ Ben Barnow

Ben Barnow
Erich P. Schork
Anthony L. Parkhill
Barnow and Associates, P.C.
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: (312) 621-2000
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
aparkhill@barnowlaw.com