BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE:  COVID-19 BUSINESS        )
INTERRUPTION PROTECTION )                MDL No. 2942
INSURANCE LITIGATION         )
_____  )

### THE CINCINNATI INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF SUBSEQUENT MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS (Document 544)

Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, The Cincinnati Insurance Company (Cincinnati) respectfully submits this Response in Opposition to Plaintiffs' Reply In Support Of Subsequent Motion For Transfer Of Actions Pursuant To 28 U.S.C. § 1407 For Coordinated Or Consolidated Pretrial Proceedings (Doc. 544). Cincinnati is involved in ongoing cases that are the subject of Plaintiffs' Motion for Transfer.[1]

---

[1] Cincinnati is a Defendant in at least the following suits in which MDL transfer and consolidation is at issue:
1) T*roy Stacy Enterprises Inc. v. The Cincinnati Insurance Company,* 1:2020-cv-00312 (U.S.D.C. S.D. Ohio);
2) *Milkboy Center City LLC v. The Cincinnati Insurance Company, et al*., 2:2020-cv-02036 (U.S.D.C. E.D. Pennsylvania);
3) *The Grand Street Dining, LLC, GSD Lenexa LLC, Trezomare Operating Company, et al vs. The Cincinnati Insurance Company*, 4:20-cv-00330 (U.S.D.C. W.D. Missouri);
4) *Promotional Headwear Int'l, individually and on behalf of all others similarly situated vs. The Cincinnati Insurance Company,* 2:20-cv-02211 (U.S.D.C. D. Kansas);
5) *Studio 417, Inc. v The Cincinnati Insurance Company*, 6:20-cv-03127 (U.S.D.C. W.D. Missouri);
6) *Sandy Point Dental PC v. The Cincinnati Insurance Company, et al*., 1:20-cv-02160 (U.S.D.C. N.D. Illinois);
7) *3 Squares LLC, et al. v. The Cincinnati Insurance* Company, 1:20-CV-02690 (U.S.D.C. N.D. Illinois);
8) *Taste of Belgium LLC vs. The Cincinnati Insurance Company; The Cincinnati Casualty Company, The Cincinnati Indemnity Company and Cincinnati Financial Corporation*, 1:20-cv-00357 (U.S.D.C. S.D. Ohio);
9) *Homestate Seafood LLC v. The Cincinnati Insurance Company*, 2:20-cv-00649 (U.S.D.C. N.D. Alabama);
10) *Derek Scott Williams PLLC v. The Cincinnati Insurance Company*; 1:20-cv-02806 (U.S.D.C. N.D. Illinois);
11) *Southern Dental of Birmingham, LLC v. The Cincinnati Insurance Company*, 2:20-cv-00681 (U.S.D.C. N.D. Alabama);
12) *Eagle Eye Outfitters, Inc. v. The Cincinnati Casualty Company,* 1:20-cv-00335 (U.S.D.C. M.D. Alabama).

## INTRODUCTION

In their Reply, Plaintiffs rely on "the nature of the law of contract behind the interpretation of insurance policies", the work done by Professor Tom Baker identifying the policy forms, and procedures established in the United Kingdom. (Doc. 544 at page 2). Cincinnati opposes the assertions in Plaintiffs' Reply.[2] Plaintiffs' contract law assertions confirm that the common issues Plaintiffs rely on are common questions of law, not fact, and thus are inappropriate for MDL consolidation. Likewise, Professor Baker's work further confirms that the significant issues to be resolved involve the interpretation of policy language, issues that are resolved as a matter of law. Plaintiffs' reliance on the actions of the United Kingdom's equivalent of the U.S. Securities and Exchange Commission (SEC) is completely irrelevant to whether transfer and consolidation are appropriate here.

## PLAINTIFFS IMPROPERLY RELY ON ALLEGEDLY COMMON LEGAL ISSUES RATHER THAN FACT ISSUES

In their Reply, Plaintiffs admit that the key issues here are legal rather than factual. Plaintiffs state: "The Common Questions In These Actions Warrant Centralization. The legal questions raised by these related actions center on the contractual interpretation of business interruption insurance policies." (Doc. 544 at page 2). Plaintiffs are correct that the central issues are legal issues and not fact issues. Accordingly, MDL transfer is inappropriate because such

---

13) *Sneak & Dawdle, LLC vs. The Cincinnati Insurance Company*, 3:20-CV-00383 (U.S.D.C. M.D. Alabama).
14) *Pear Tree Group, LLC vs. The Cincinnati Insurance Company*, 3:20-cv-00382 (U.S.D.C. M.D. Alabama).
15) *The Stone Soup, Inc. vs. The Cincinnati Insurance Company,* 2:20-cv-02614 (U.S.D.C. E.D. Pennsylvania).

[2] Cincinnati also opposes Plaintiffs' Reply because it improperly raises new arguments. *See, e.g., United States of America v. Tshinbanda Kazadi,*, No. 19-CR-518-WJM, 2020 WL 3415396, at *3 (D. Colo. June 22, 2020) ("By arguing this point for the first time in his Reply, Kazadi has waived this contention."), *citing United States v. Harrell,* 642 F.3d 907, 918 (10th Cir. 2011) ("[A]rguments raised for the first time in a reply brief are generally deemed waived.").

transfer requires common issues of fact, not law. *See, e.g., In re Clean Water Rule: Definition of "Waters of the United States",* 140 F. Supp. 3d 1340, 1341 (J.P.M.L. 2015) ("[T]hese cases will turn on questions of law . . . . Accordingly, centralization under Section 1407 is inappropriate.") *In re Hotel Indus. Sex Trafficking Litig.,* No. MDL 2928, 2020 WL 581882, at *2 (U.S. Jud. Pan. Mult. Lit. Feb. 5, 2020) ("But '[c]ommon legal questions are insufficient to satisfy Section 1407's requirement of common factual questions.'"), *citing In re ABA Law Sch. Accreditation Litig.,* 325 F. Supp. 3d 1377, 1378 (U.S. Jud. Pan. Mult. Lit. 2018), *citing In re Envtl. Prot. Agency Pesticide Listing Confidentiality Litig.*, 434 F. Supp. 1235, 1236 (J.P.M.L. 1977) ("Thus, since these actions involve a common question of law and share few, if any, questions of fact, transfer under Section 1407 is inappropriate."), *citing In re E. Airlines, Inc. Flight Attendant Weight Program Litig.,* 391 F. Supp. 763, 764 (J.P.M.L. 1975) ("We agree that where the commonality between or among actions rests solely on questions of law, transfer under Section 1407 would be inappropriate."); *In re Veroblue Farms USA, Inc.*, No. MDL 2923, 2020 WL 581888, at *2 (U.S. Jud. Pan. Mult. Lit. Feb. 5, 2020) ("But common legal questions do not satisfy Section 1407's requirement of common factual questions."); *In re Uber Techs., Inc., Wage & Hour Employment Practices Litig*. (No. II), 254 F. Supp. 3d 1376, 1378 (U.S. Jud. Pan. Mult. Lit. 2017) ("the Section 1407 directive to centralize actions based on 'one or more common questions of fact,' in contrast to common questions of law."); *In re: SFPP, L.P., R.R. Prop. Rights Litig.,* 121 F. Supp. 3d 1360, 1361 (U.S. Jud. Pan. Mult. Lit. 2015) ("Seeking a uniform *legal* determination, though, generally is not a sufficient basis for centralization." (Emphasis in original.), *citing In re: Real Estate Transfer Tax Litig.,* 895 F.Supp.2d 1350, 1351 (J.P.M.L.2012); *Multidistrict Lit Manual* § 5:4 (May 2020 Update) ("The presence of common issues of law has no effect on transfer: it is neither a necessary nor sufficient condition for transfer.").

Plaintiffs' Reply shows that they improperly seek to use the MDL for the primary purpose of obtaining rulings on policy interpretation issues. Plaintiffs list 6 strictly legal issues that they want resolved in an MDL. (Doc. 544 at page 9). Insurance policy interpretation is a matter of law, not fact. *See, e.g., Reliable Marine Towing & Salvage LLC v. Thomas*, 789 F. Appx 805, 807 (11th Cir. 2019) ("Interpretation of the terms of an insurance policy is a matter of law"); *Wells Fargo Bank, N.A. v. Allstate Ins. Co.*, 784 F. Appx 401, 403 (6th Cir. 2019) ("'An insurance policy is a contract whose interpretation is a matter of law' for judges, not juries, to decide."); *Zurich Am. Ins. Co. v. Elec. Maine, LLC*, 927 F.3d 33, 35 (1st Cir. 2019) ("The parties agree that the only issues presented on appeal concern the District Court's interpretation of the relevant provisions of the Policy. Those issues present matters of law").

The purpose of an MDL is to promote efficient fact discovery when common questions of fact predominate. *See, e.g.*, *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.,* No. 08 CIV. 5440 RJH, 2011 WL 1046162, at *5 (S.D.N.Y. Mar. 22, 2011) ("'like other MDL judges,' the Court finds that 'case-specific rulings 'are neither the purpose, nor the forte, of a court presiding over a multi-district litigation . . . . [T]he transferee court typically does not rule on cumbersome, case-specific legal issues.'"), *citing In re Nuvaring Products Liability Litigation*, No. 4:08MD1964 RWS, 2009 WL 4825170, at *2 (E.D.Mo. Dec. 11, 2009), *citing In re Phenylpropanolamine Products Liability Litigation*, No. MDL 1407, 2004 WL 2034587, at *2 (W.D. Wash. Sept. 3, 2004); *In re Skechers Toning Shoe Prod. Liab. Litig.,* No. 3-13-CV-790, 2014 WL 527703, at *1 (W.D. Ky. Feb. 7, 2014) ("The primary purpose of multidistrict litigation (MDL) is the promotion of 'efficiency through coordination of discovery.'"), *citing In re: Nuvaring Prods*; *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,* No. 211CV10549MRPMANX, 2013 WL 12322042, at *1 (C.D. Cal. Sept. 11, 2013) (same); *In re Activated Carbon-Based Hunting*

*Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012) ("The parties fully litigated several discovery disputes in this Court, each of which has been resolved. Discovery in Buetow was made available for use in each of the Related Actions, and the discovery period in all cases has closed. The 'primary purpose' of consolidation, therefore, has been achieved.").

**THE BAKER DECLARATION IS IRRELEVANT**

With their Reply, Plaintiffs submit for the first time the Declaration of Professor Tom Baker. (Doc. 544 at pages 4-6). Based on his review of only a handful of policies, Professor Baker offers the opinion that the insurance policies can contain standard forms with similar language. Professor Baker's focus on the policy language confirms that Plaintiffs seek legal rulings on policy interpretation issues, rather than efficiency in discovery on common questions of fact. Accordingly, transfer is inappropriate.

**UNITED KINGDOM PROCEEDINGS ARE IRRELEVANT**

Oddly, Plaintiffs and Professor Baker rely on The Financial Conduct Authority of the United Kingdom (FCA) to support MDL treatment. (Doc. 544 at page 8). At the threshold, it goes without saying that U.K. legal proceedings are inapplicable in a U.S. court. Moreover, the FCA is the equivalent of the U.S. SEC, not the equivalent of the Judicial Panel on Multidistrict Litigation, so it actions are irrelevant in addition to being inapplicable.[3] In addition, the FCA action is completely different from an MDL in that, rather than its purpose being to promote efficient discovery on common questions of fact, it uses a set of "Assumed Facts". https://www.fca.org.uk/publication/corporate/bi-insurance-test-case-assumed-facts-9-june.pdf. If anything, the FCA's actions serve to reinforce the point that the predominant issue, apparently in

---

[3] "The Financial Conduct Authority is the conduct regulator for 59,000 financial services firms and financial markets in the UK and the prudential supervisor for 49,000 firms, setting specific standards for 19,000 firms" https://www.fca.org.uk/about/the-fca.

the United Kingdom as well as here, is the strictly legal issue of contract interpretation: "We intend to obtain court declarations as part of a test case, aimed at resolving the contractual uncertainty around the validity of many BI claims . . . . The test case is not intended to encompass all possible disputes, but to resolve some key contractual uncertainties and 'causation' issues to provide clarity for policyholders and insurers." https://www.fca.org.uk/firms/business-interruption-insurance.

Plaintiffs also cite to the Opiod MDL (Doc. 544 at page 7). That case, *In re Nat'l Prescription Opiate Litig.,* 290 F. Supp. 3d 1375, 1378 (U.S. Jud. Pan. Mult. Lit. 2017), is inapposite because, unlike here, it did not predominantly involve common questions of law and it was not a contract interpretation case.

## CONCLUSION

Cincinnati respectfully requests that the arguments in Plaintiffs' Reply be disregarded as new matter first raised in reply. In any event, Transfer and Consolidation should be rejected for all of the reasons stated herein and in Cincinnati's earlier filed joinder to opposition to the MDL petition.

DATED:  July 6, 2020

                                          Respectfully Submitted,

                                            */s/ Paul G. Roche*
                                        _____
                                        Paul G. Roche
                                        Litchfield Cavo LLP
                                        82 Hopmeadow Street, Suite 210
                                        Simsbury, CT  06089
                                        Tel:  860-413-2800
                                        roche@litchfieldcavo.com

                                        *Counsel for The Cincinnati Insurance Company,*
                                        *The Cincinnati Casualty Company,*
                                        *The Cincinnati Indemnity Company,*
                                        *The Cincinnati Financial Corporation*