**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**MDL NO. 2942**

IN RE: COVID-10 BUSINESS INTERRUPTION
INSURANCE COVERAGE LITIGATION
_____/

**MOTION FOR LEAVE TO FILE BRIEF RESPONSE
IN SUPPORT OF MOTION FOR TRANSFER FOR
<u>COORDINATION OR CONSOLIDATION IN THE DISTRICT OF NEW JERSEY</u>**

Respondents represent Plaintiffs in twelve class action lawsuits[1] and one individual lawsuit[2], all filed in the District of New Jersey and in the Southern District of Florida, concerning coverage for business interruption caused by the COVID-19 pandemic. In accordance with this Court's order dated July 7, 2020 [ECF No 661], Plaintiffs respectfully submit that they possess extraordinary circumstances justifying this motion for leave to file a very brief response because, due to insurers' delays in providing denials of coverage, (a) they could not file their lawsuits until July 2, 2020, two weeks after the close of briefing and therefore had no opportunity to provide any response to the Panel prior to the close of briefing, and, even more importantly, (b) not one of the

---

[1] *Disole v. Westchester Surplus Lines Ins. Co. d/b/a Chubb*, No. 1:20-cv-22747-RNS (S.D. Fla.); *GO-4 NUGE Production Rentals LLC v. The Hartford Fin'l Servs. Grp.*, No. 1:20-cv-22749-MGC (S.D. Fla.); *Sweet Tooth Inc. d/v/a/ Haagen Dasz Ice Cream v. The Hartford Fin'l Servs. Grp.*, No. 1:20-cv-22750-KMW (S.D. Fla.); *Nora's Style Salon Inc. v. Farmer's Group*, No. 1:20-cv-22751-DPG (S.D. Fla.); *BluShark Digital, LLC v. The Hartford Fin'l Servs. Grp.*, No. 3:20-cv-08210 (D.N.J.); *Izzy & Gab LLC v. . Erie Ins. Prop. & Cas. Co. d/b/a Erie Ins. Exch.*, No. 3:20-cv-08208 (D.N.J.); *Hello Hospitality IV, LLC d/b/a St Arnolds, et al. v. Erie Ins. Prop. & Cas. Co. d/b/a Erie Ins. Exch.*, No. 3:20-cv-08215 (D.N.J.); *Motiv Group, Inc. v. Continental Casualty Co.*, No. 3:20-cv-08206-BRM-DEA (D.N.J); *Sweetberry Holdings LLC v. The Hartford Fin'l Servs. Grp.*, No. 3:20-cv-08200-FLW-ZNQ (D.N.J.); *MDH Global, LLC v. Certain Underwriters at Lloyd's London*, No. 3:20-cv-08214 (D.N.J.); *Palm and Pine Ventures, LLC v. Certain Underwriters at Lloyd's London*, No. 3:20-cv-08212 (D.N.J.); and *Amy M. Cobb d/b/a Cobb's Second Time Around Thrift Shop v. Erie Ins. Prop. & Cas. Co. d/b/a Erie Ins. Exch.*, 3:20-cv-09159 (D.N.J.). **Undersigned counsel will be filing additional cases in the N.D. Cal., S.D. Fla. and the D. N.J. shortly.**

[2] *West Flagler Assocs., Ltd. v. AXA XL Ins. Grp. et al.*, No. 1:20-cv-22990-KMM (S.D. Fla.).

1

over seventy (70) responses to the motion to transfer advocates for consolidation of any of these cases to the most appropriate venue in which cases are currently pending: before The Honorable Judge Brian R. Martinotti in the District of New Jersey. Furthermore, and very respectfully, the Panel has not accorded any counsel any time to speak in support of the District of New Jersey at the upcoming MDL hearing.  Accordingly, Respondents respectfully request that the Court grant them leave to file the attached short brief for this Court's consideration at the July, 30, 2020 hearing, and provide Respondents' counsel Adam M. Moskowitz with 1 minute to present oral argument.

Respectfully submitted this 22nd day of July, 2020

By: */s/ Adam M. Moskowitz*

Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Adam A. Schwartzbaum
Florida Bar No. 93014
adams@moskowitz-law.com
Howard M. Bushman
Florida Bar No. 0364230
howard@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

William F. "Chip" Merlin, Jr.
cmerlin@MerlinLawGroup.com
New Jersey Bar No.  055182013
Florida Bar No.   364721
Shane Smith
ssmith@MerlinLawGroup.com
Florida Bar No. is 53130
**MERLIN LAW GROUP**
777 S. Harbour Island Blvd.,

Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692

Rene M. Sigman, Esq.
(*Pro Hac Vice* Admission Pending)
Merlin Law Group
515 Post Oak Blvd., Suite 510
Houston, TX 77027
Office:713-626-8880
Email: rsigman@MerlinLawGroup.com

Michael Howard Moore, Esq.
(*Pro Hac Vice* Admission Pending)
Business Development
Merlin Law Group
777 S. Harbour Island Blvd.
Suite 950
Tampa, FL 33602
Email: MMoore@merlinlawgroup.com
Tel:	(813) 229-1000
Fax:	(813) 229-3692

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

MDL NO. 2942

IN RE: COVID-10 BUSINESS INTERRUPTION
INSURANCE COVERAGE LITIGATION
_____/

**BRIEF RESPONSE IN SUPPORT OF MOTION FOR TRANSFER FOR
COORDINATION OR CONSOLIDATION IN THE DISTRICT OF NEW JERSEY**

Respondents currently represent Plaintiffs in twelve class action lawsuits[3] and one individual lawsuit[4] filed in the District of New Jersey and the Southern District of Florida concerning coverage for business interruption caused by the COVID-19 pandemic.[5] Respondents support the motions or requests to transfer all actions to a single court for consolidation or coordination pursuant to 28 U.S.C. § 1407 for reasons which have been aptly explained by many esteemed members of the Plaintiffs' and Defense bar. Respondents respectfully suggest, however, that in this complex litigation likely to involve thousands of lawsuits against dozens of different insurance companies with different insurance policies, the Panel should order consolidated proceedings before the Honorable Brian R. Martinotti in the District of New Jersey, Trenton

---

[3] *Disole v. Westchester Surplus Lines Ins. Co. d/b/a Chubb*, No. 1:20-cv-22747-RNS (S.D. Fla.); *GO-4 NUGE Production Rentals LLC v. The Hartford Fin'l Servs. Grp.*, No. 1:20-cv-22749-MGC (S.D. Fla.); *Sweet Tooth Inc. d/v/a/ Haagen Dasz Ice Cream v. The Hartford Fin'l Servs. Grp.*, No. 1:20-cv-22750-KMW (S.D. Fla.); *Nora's Style Salon Inc. v. Farmer's Group*, No. 1:20-cv-22751-DPG (S.D. Fla.); *BluShark Digital, LLC v. The Hartford Fin'l Servs. Grp.*, No. 3:20-cv-08210 (D.N.J.); *Izzy & Gab LLC v. Erie Ins. Prop. & Cas. Co. d/b/a Erie Ins. Exch.*, No. 3:20-cv-08208 (D.N.J.); *Hello Hospitality IV, LLC d/b/a St Arnolds, et al. v. Erie Ins. Prop. & Cas. Co. d/b/a Erie Ins. Exch.*, No. 3:20-cv-08215 (D.N.J.); *Motiv Group, Inc. v. Continental Casualty Co.*, No. 3:20-cv-08206-BRM-DEA (D.N.J); *Sweetberry Holdings LLC v. The Hartford Fin'l Servs. Grp.*, No. 3:20-cv-08200-FLW-ZNQ (D.N.J.); *MDH Global, LLC v. Certain Underwriters at Lloyd's London*, No. 3:20-cv-08214 (D.N.J.); *Palm and Pine Ventures, LLC v. Certain Underwriters at Lloyd's London*, No. 3:20-cv-08212 (D.N.J.); and *Amy M. Cobb d/b/a Cobb's Second Time Around Thrift Shop v. Erie Ins. Prop. & Cas. Co. d/b/a Erie Ins. Exch.*, 3:20-cv-09159 (D.N.J.).

[4] *West Flagler Assocs., Ltd. v. AXA XL Ins. Grp. et al.*, No. 1:20-cv-22990-KMM (S.D. Fla.).

1

Division. Once consolidated in the jurisdiction, each defendant insurance company should have all of the lawsuits filed against it organized into separate "tracks."

Judge Martinotti (and other judges in the District of New Jersey) are experienced in multi-district *insurance specific* litigation, which is a pivotal factor in the Panel's analysis. *See In re Janus Mut. Funds Inv. Litig.,* 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004) ("we have searched for a transferee district with the capacity and experience to steer this litigation on a prudent course."). The Panel has repeatedly recognized that the District of New Jersey has sufficient resources to handle complex cases and is geographically convenient. *See, e.g., In re Zimmer Durom Hip Cup Products Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010); *In re Tropicana Orange Juice Marketing and Sales Practices Litig.,* 867 F. Supp. 2d 1341 (J.P.M.L. 2012); *In re Vytorin/Zetia Marketing, Sales Practice and Products Liab. Litig.*, 543 F. Supp. 2d 1378 (J.P.M.L. 2008); *In re Insurance Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005); *In re Hypodermic Products Antitrust Litig.*, 408 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005).[6]

Consolidated proceedings before Judge Martinotti will promote the goal of a just resolution of this MDL as efficiently, inexpensively, and fairly as possible. *See In re Allergan Biocell Textured Breast Implant Product Liab. Litig.*, MDL No. 2921 (2019) (recognizing Judge Martinotti as "an experienced transferee judge with the ability and willingness to manage this litigation"); *see also In re Invokana (Canagliflozin) Prod. Liab. Litig.*, 223 F. Supp. 3d 1345, 1349 (J.P.M.L. 2016) (assigning the Invokana MDL to Judge Martinotti, an "able and experienced jurist"). Judge Martinotti was

---

[6] The District of New Jersey in Trenton is conveniently located near several major airports, including those in Philadelphia, Newark, New Jersey, and New York, and offers numerous flight options. Trenton is also conveniently located on the Northeast Corridor train line that runs from Boston to Washington, D.C. *See In re Insurance Brokerage Antitrust Litig.***,** 360 F. Supp. 2d 1371, 1373 (J.P.M.L. 2005) ("In concluding that the District of New Jersey is an appropriate forum for this docket, we note that i) the district offers an accessible metropolitan location that is geographically convenient for many of this docket's litigants and counsel; and ii) the district is equipped with the resources that this complex antitrust docket is likely to require.").

appointed to the federal bench in July 2016, and he has extensive and substantial judicial experience in complex litigation. He previously served as a judge in the New Jersey Superior Court in Bergen County, starting in 2002. From 2009 until his appointment to the federal bench, Judge Martinotti was the county's mass tort judge. In this position he successfully supervised multiple consolidated mass tort pharmaceutical product litigations, including but not limited to: *In re Mirena*, No. BER-L-4098-13 (N.J. Super. App. Div. Law Div.); *In re YAZ/Yasmin/Ocella Litigation*, No. BER-L-3572-10 (N.J. Super. App. Div. Law Div.); and *In re DePuy ASR Hip Implant Litigation,* No. BER-L-3971-11 (N.J. Super. App. Div. Law Div.). These product liability mass tort actions all had federal MDL's as well, giving Judge Martinotti a strong appreciation for the benefits of federal/state coordination.

The District of New Jersey is a unique and appropriate choice because many insurance companies—including many of those that have been most frequently sued in this MDL—have home offices close to Trenton, New Jersey. *See In re Benicar (Olmesartan) Products Liab. Litig.*, 96 F. Supp. 3d 1381 (2015) (transferring to the district of New Jersey where several defendants were headquartered); *In re Am. Home Mortgage Sec. Litig.,* 528 F. Supp. 2d 1376, 1377-78 (J.P.M.L. 2007) (transferring to district where corporate defendant was headquarter[ed]" since "relevant documents and witnesses may be found there"). New Jersey is also in the region hit earliest and hardest by the COVID-19 pandemic, so there are many policyholders with claims from this area. Most importantly, the Insurance Services Office, which generated the standard forms for most business interruption coverage utilized by most insurance companies, is located in New Jersey, and there will be much discovery concerning its forms. The fact that New Jersey is a "likely source of relevant documents and witnesses" makes it a strong choice for this MDL. *In re Marsh & McLennan Cos. Sec. Litig.*, 429 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006) (stating that district in which defendants were headquartered was a "likely source of relevant documents and witnesses");

3

*see also In re Air Crash Disaster at Sioux City*, 128 F.R.D. 131, 132 (J.P.M.L. 1989) ("relevant documents can likely be found within this district at [defendant's] headquarters").

Finally, due to its unique and extensive experience previously handling tens of thousands of federal insurance claims during Hurricane Sandy (which were all consolidated in the Eastern District of New York and the District of New Jersey), the judges in the District of New Jersey created the only Guidelines and Manuals, that are now followed across the country by other federal and state judges adjudicating flood insurance litigations similar to the catastrophic event like the COVID-19 pandemic. *See* Hurricane Sandy Case Management Order No. 1, District Court of New Jersey, http://www.njd.uscourts.gov/sites/njd/files/SandyCaseManagementOrderNo1.pdf.

Indeed, the District of New Jersey, with the assistance of Respondents' counsel William "Chip" Merlin from the Merlin Law Group, who served as Liaison Counsel for the federal insurance related litigation, crafted their Case Management Order in contemplation of Federal Rule of Civil Procedure 16(b) to ensure "the just, speedy, and inexpensive" resolution of each case. The District of New Jersey also created a model "Final Pretrial Order" for use by all district courts that is now useful in any hurricane case. Thereafter, the Eastern District of New York adopted New Jersey's consolidating model. *See* Case Management Order No. 1, *In re Hurricane Sandy Cases,* 14-mc-00041 (ECF 243:1). The District of New Jersey's proven track record in managing large and complex consolidated insurance claims makes it an ideal location to consolidate many of these cases in this MDL.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Panel enter an order consolidating the COVID-19 insurance cases with The Honorable Judge Martinotti in the District of New Jersey. Should the Court determine, as many others have suggested, that consolidation

should take place in multiple district courts, Plaintiffs respectfully suggest that, in addition to the District of New Jersey for insurers based on the East Coast, the Court should also consider: (1) the Northern District of Illinois, and (2) the Northern District of California. These three courts would create geographic diversity and all have judges who are well-equipped to handle these consolidated proceedings.

Respectfully submitted,

By: */s/ Adam M. Moskowitz*

Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Adam A. Schwartzbaum
Florida Bar No. 93014
adams@moskowitz-law.com
Howard M. Bushman
Florida Bar No. 0364230
howard@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

William F. "Chip" Merlin, Jr.
cmerlin@MerlinLawGroup.com
New Jersey Bar No. 055182013
Florida Bar No. 364721
Shane Smith
ssmith@MerlinLawGroup.com
Florida Bar No. is 53130
**MERLIN LAW GROUP**
777 S. Harbour Island Blvd.,
Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692

Rene M. Sigman, Esq.
(*Pro Hac Vice* Admission Pending)
Merlin Law Group
515 Post Oak Blvd., Suite 510
Houston, TX 77027
Office:713-626-8880
Email: rsigman@MerlinLawGroup.com

Michael Howard Moore, Esq.
(*Pro Hac Vice* Admission Pending)
Business Development
Merlin Law Group
777 S. Harbour Island Blvd.
Suite 950
Tampa, FL 33602
Email: MMoore@merlinlawgroup.com
Tel:    (813) 229-1000
Fax:    (813) 229-3692